Opinion issued March 9, 2006



     











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00719-CR
NO. 01-04-00720-CR
 

 
 
 
SEDRIC EARL COLE, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 967717 & 967718
 

 
 
O P I N I O N
 
          In cause number 967717, a jury convicted appellant, Sedric Earl Cole, of
unlawful possession of codeine


 and, finding two enhancement paragraphs true,
sentenced him to 50 years’ confinement and a fine of $10,000. In cause number
967718, the same jury convicted appellant of unlawful possession of marihuana


 and,
finding two enhancement paragraphs true, sentenced him to 20 years’ confinement and
a $10,000 fine. In six points of error in both cause numbers, appellant argues that (1)
the trial court erred by overruling his motion to suppress the seized codeine and
marihuana; (2) the trial court erred by failing to grant his objections to the State’s
improper jury arguments; and (3) the evidence is legally and factually insufficient to
affirmatively link appellant to the codeine and marihuana. In cause number 967717,
appellant argues two additional points: (4) the evidence is legally and factually
insufficient to establish appellant’s knowledge of the codeine. 
          We affirm.
Facts
          In the middle of the night on November 10, 2003, Officer B. Dorris of the
Houston Police Department observed appellant’s vehicle fail to stop at a stop sign.
When Officer Dorris signaled appellant to pull over, appellant increased his speed and
a chase ensued until appellant drove his vehicle into a ditch. While Officer Dorris
placed appellant under arrest, Officer D. Garcia arrived on the scene and began to
inventory appellant’s vehicle. During the course of the inventory, Officer Garcia
found the following items in the trunk of the vehicle: two bags of marihuana inside a
picnic basket, an unlocked security box that contained cocaine, and a baby bottle that
contained codeine syrup. Before trial, appellant sought to suppress the contraband
found in the trunk, contending that the search was improper. The trial court denied
appellant’s motion. 
Motion to Suppress
          In his first point of error in both causes, appellant contends that the trial court
erred in overruling his motion to suppress the seized codeine and marihuana because
the search was not conducted pursuant to a proper automobile inventory search, in
violation of the Fourth Amendment. 
           In reviewing a trial court’s ruling on a motion to suppress, we apply a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). 
We give almost total deference to the trial court’s determination of historical facts that
depend on credibility, but we conduct a de novo review of the trial court’s application
of the law to those facts. Id. We review de novo the trial court’s application of the
law of search and seizure and probable cause. State v. Ross, 32 S.W.3d 853, 856 (Tex.
Crim. App. 2000); Wilson v. State, 98 S.W.3d 265, 271 (Tex. App.—Houston [1st
Dist.] 2003, no pet.). We examine the evidence in the light most favorable to the trial
court’s ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
          Appellant argues that the search was not conducted pursuant to a proper
automobile inventory search because the police did not use a standardized inventory
form and there was no evidence that the police followed a standard inventory
procedure or that one even existed. The State responds that, at the motion to suppress
hearing, appellant contested only the seizure of the cocaine


 and did not contest
seizure of the codeine or marihuana, and he has, therefore, waived his right to appeal
the denial of his motion. The State points to appellant’s closing argument at the
motion to suppress hearing: 
I believe that . . . the officer[’s] inventory of the picnic basket is a proper
inventory. This is an inadvertent discovery that the lid was opened,
wasn’t sealed. As he’s moving clothes around it flops open. His eye
catches it and what’s in the basket [codeine and marihuana] I think comes
in, what’s in the lock box [cocaine] . . . . Those are inadmissible as a
result of improper inventory . . . .
 
          Appellant did not reply to the State’s waiver argument. To preserve error, one
must contemporaneously inform the trial court, by request, objection, or motion, not
only of the objectionable matter, but also of the specific grounds underlying the
complaint. Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999); Cisneros
v. State, 692 S.W.2d 78, 82–83 (Tex. Crim. App. 1985). An objection can be waived. 
For example, if a defendant’s motion to suppress is denied, affirmatively expressing
“no objection” when the evidence is offered at trial results in the loss of a right to
appeal the denial of the motion. See Moraguez v. State, 701 S.W.2d 902, 904 (Tex.
Crim. App. 1986).
          The only Texas case we found to be analogous to the case before us today is
Strauss v. State, 121 S.W.3d 486 (Tex. App.—Amarillo 2003, pet. ref’d). In Strauss,
via a written motion to suppress, the appellant questioned the validity of his consent
for the police to search his van. Id. at 489. At the motion to suppress hearing,
however, Strauss failed to mention the issue, even after the judge asked the parties to
clarify the issues the parties wanted him to consider, possibly because he had written
in his motion that the issue did not have to be decided since the prior arrest was
unlawful. Id. On appeal, however, Strauss again raised the consent issue, arguing that
the State had failed to prove that it was voluntarily given. Id. The Amarillo court of
appeals found that Strauss had waived the issue, stating:
We are troubled with the prospect that an appellant can urge an objection
on particular grounds in a written motion, later inform the trial court to
disregard one or more of those grounds, and then contend, on appeal, that
one of those very grounds which the trial court was directed to ignore
actually warrants reversal of the judgment. Under those circumstances,
the appellant hardly complies with the spirit of Texas Rule of Appellate
Procedure 33.1. Indicating that one ground for objection need not be
addressed falls short of informing the trial court, with sufficient
specificity, of all the grounds upon which the appellant relies in asserting
his complaint. And, because it does, we conclude that an appellant
cannot assert, on appeal, the grounds that he told the court need not be
decided. So, having told the trial court that it need not address consent,
the appellant at bar cannot raise that issue on appeal as grounds for
reversal.
Id. at 490 (emphasis added) (citations omitted).
          Here, appellant is in a similar situation to the appellant in Strauss. In his written
motion, appellant sought to suppress all the evidence, including the codeine and
marihuana. At the hearing on his motion, however, appellant very clearly stated
during his closing argument, “What’s in the basket [codeine and marihuana] comes
in,” but “what’s in the lock box [cocaine] . . . [is] inadmissible.” Thus, appellant, in
effect, informed the trial court that it need not address the suppression of the codeine
and the marihuana, only the cocaine. We agree with the Strauss court’s analysis and
conclude that when a defendant informs the trial court that an issue need not be
decided, he may not reassert that issue on appeal. See id. Having thus conceded that
the codeine and marihuana were admissible, appellant has waived his right to contest
the trial court’s ruling on appeal. See id.
          We overrule appellant’s first point of error in both causes.
Improper Jury ArgumentIn his second, third, and fourth points of error in both causes, appellant argues
that the trial court erred in overruling his objections to the State’s closing argument
during both the guilt-innocence and punishment phases of trial.
          The law provides for and presumes a fair trial free from improper argument by
the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). In general,
proper jury argument encompasses one of the following: (1) a summation of the
evidence presented at trial; (2) a reasonable deduction drawn from that evidence; (3)
an answer to the opposing counsel’s argument; or (4) a plea for law enforcement. 
Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); Sandoval v. State, 52
S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). To determine
whether a party’s argument properly falls within one of these categories, we must
consider the argument in light of the entire record. Sandoval, 52 S.W.3d at 857. To
constitute reversible error, the contested jury argument must be extreme or manifestly
improper, or it must inject new and harmful facts into evidence. Id. In most cases, if
error occurs, an instruction to disregard will cure any error committed. Shannon v.
State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).
          Striking at Defendant Over the Shoulder of Counsel
          The Court of Criminal Appeals has consistently held that arguments that strike
at a defendant over the shoulder of his defense counsel are improper. Dinkins v. State,
894 S.W.2d 330, 357 (Tex. Crim. App. 1995). Although the Court has found it
impossible to articulate a precise rule regarding these types of arguments, it has
cautioned that “a prosecutor runs a risk of improperly striking at a defendant over the
shoulder of counsel when the argument is made in terms of defense counsel personally
and when the argument explicitly impugns defense counsel’s character.” Mosley v.
State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Even if a prosecutor’s statements
are intended as a rebuttal, the legitimate arguments of defense counsel cannot serve
as a basis for permitting prosecutorial comments that “cast aspersion on defense
counsel’s veracity with the jury.” Id. (quoting Dinkins, 894 S.W.2d at 357)
1. “Smoking Mirrors”
          In his second point of error, appellant argues that the State’s comment during
closing argument at the guilt-innocence phase, “smoking mirrors,” was improper as
an inflammatory attack on defense counsel. The State argued:
[State]: Now, let’s talk about the defense. All the smoking mirrors
that they brought to distract you from the real issues. I
always like to call it the spaghetti defense. Throw
everything up.
 
[Defense]:Objection that’s over the shoulder of defense and I object to
it.
 
[Court]:Overruled. 
 
The State counters that, because appellant failed to object to similar arguments made
by the State subsequently, he has waived any error. The State’s similar arguments
were:
1.Throw everything wrong and make it stick because if they can
make one of you think one of these things is important they’re
okay and the Defendant gets to go home.
 
2.Smoking mirrors Ladies and Gentlemen. 
 
3.Just something that they brought to distract from you what the real
issues are. 
 
4.Smoking mirrors. They want you to put the idea that he borrowed
that car . . . . Designed to distract you. 
 
          We conclude that appellant waived his objection. Texas law requires a party to
continue to object each time inadmissible evidence is offered, except when defense
counsel requests a running objection or objects out of the presence of the jury to all
testimony he deems objectionable on a given subject. Ethington v. State, 819 S.W.2d
854, 858–59 (Tex. Crim. App. 1991). Thus, an error in admission of evidence is cured
when the same evidence comes in elsewhere without objection. Id. (quoting Hudson
v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984)); Massey v. State, 933 S.W.2d
141, 149 (Tex. Crim. App. 1996) (holding that if defendant objects to admission of
evidence, but same evidence is subsequently introduced from another source without
objection, defendant waives his earlier objection). When a defendant creates the
impression that he is abandoning his objection, his initial objection is insufficient to
preserve the error for appeal. See Purtell v. State, 761 S.W.2d 360, 366 (Tex. Crim.
App. 1988); Rodriguez v. State, 90 S.W.3d 340, 357 (Tex. App.—El Paso 2001, pet.
ref’d). 
          Here, appellant objected to the State’s first reference to “smoking mirrors” but
failed to request a running objection


 or to object to any of the similar “smoking
mirrors” remarks that followed.


 We conclude, therefore, that appellant abandoned his
objection and thus failed to preserve any resulting error for appeal. See Purtell, 761
S.W.2d at 366.
          We overrule appellant’s second point of error in both causes.
2. “Better than a Defense Attorney”
          In his third point of error, appellant contends that the State’s jury argument
about fingerprinting during the guilt-innocence phase was improper for suggesting that
defense counsel was continuing to distract the jury. The State argued:
[State]:We talked in voir dire how this is not CSI. You know you
can try to fingerprint everything but I told you city and
county resources you do it when it’s necessary. And I will
submit to you that law enforcement officers with 14 years
of combined experience would know far better than a
defense attorney when that needs to happen.
 
[Defense]:Still object. Strike at Defendant over the shoulder of
Counsel.
 
[Court]:Overruled. 
 
The State responds that the argument was proper as a response to several of
appellant’s related arguments during defense counsel’s closing argument, namely that:
(1) the officers had not done their jobs when they failed to dust for fingerprints; (2) the
lack of fingerprints implied a lack of evidence to convict; and (3) the State was calling
on the jury to correct the officers’ “misdeeds,” “missteps,” and “inappropriate
activity.” We agree with the State.
          Jury argument made in response to an argument of opposing counsel is proper. 
Guidry, 9 S.W.3d at 154; Sandoval, 52 S.W.3d at 857. The State’s argument
responded to closing argument presented by appellant. We conclude that the trial
court did not abuse its discretion in overruling appellant’s objections to the State’s
arguments. 
          We overrule appellant’s third point of error in both causes.
3. “Another Trick”
          In his fourth point of error, appellant argues that the State’s jury argument
during the punishment phase regarding defense counsel’s “trick” was improper for
again suggesting that defense counsel was trying to deceive and distract the jury. The
State argued:
[State]:And I want to talk to you about the proof on enhancement
paragraph number one and the proof on enhancement
paragraph number two ‘cause you know Defense Counsel
came up with another trick and asked you for 15 years.
 
[Defense]:I have to object to that argument as a strike at the Defendant
over Counsel’s shoulder.
 
[Court]:Overruled.
 
Even while admitting that a prosecutor should avoid suggesting that defense counsel
is being deceptive or attempting to trick the jury, the State contends that the argument
was appropriate as an answer to defense counsel’s closing argument. 
          At the beginning of the punishment hearing, defense counsel stated that
appellant pleaded “not true” to the enhancement paragraphs in both convictions.
During appellant’s closing argument, defense counsel stated, “I think 15 years on the
codeine is likewise [appropriate]”; (2) “this is a 15 year case.”; (3) “I am asking you
for 15 years”; and (4) “15 is appropriate in this case [sic] I’ll be disappointed but I
been disappointed before.”
          In making these references to a punishment of 15 years, defense counsel did not
differentiate between the codeine and marihuana offenses. Defense counsel did
acknowledge that the State’s indictment included two enhancement paragraphs for the
marihuana conviction that would raise the punishment range to 2 to 20 years in prison.
However, he failed to mention that the codeine conviction also included two
enhancement paragraphs that raised the punishment range to 25 years to life.


 Thus,
he left the jurors with the impression that a punishment of 15 years for both offenses
was appropriate. Defense counsel did not state that such a sentence would not be
possible if appellant was convicted for possession of codeine and both enhancements
were found true.
          Before the State made the comment about “another trick,” the State explained
that the punishment range for the possession of marihuana offense was 2 to 20 years.
The State also explained that, for the possession of codeine offense, plus the two
enhancements, appellant would face 25 years to life. Considering the context of the
State’s argument that “defense counsel came up with another trick,” we conclude that
this comment was a response to defense counsel’s argument that a 15-year punishment
was appropriate for both convictions, when, in fact, a 15-year punishment would not
have been proper in the codeine conviction if the jury had found both enhancements
to be true. Although the State could have used different language in referring to
defense counsel’s argument, we conclude that the State’s closing argument was not
an improper response to defense counsel’s argument. 
          Even if we did conclude that the jury argument made here was inappropriate,
we would conclude that the error was harmless. See Mosley, 983 S.W.2d at 259; see
also Brantley v. State, 48 S.W.3d 318, 330 (Tex. App.—Waco 2001, pet. ref’d)
(finding State’s argument to the jury not to “fall for [defense counsel’s] tricks” to be
“inappropriate” but not harmful error). Appellant claims that the failure of the trial
judge to sustain his objection to the inappropriate jury argument is nonconstitutional
error. To address the harm from the improper jury argument, we consider the three
factors from Mosley: (1) the severity of the misconduct; (2) the measures adopted to
cure the misconduct; and (3) the certainty of conviction without the misconduct. 
Mosley, 983 S.W.2d at 259. 
          Looking at the first Mosley factor, we conclude that the misconduct here, as in
Mosley, was neither extreme nor manifestly improper, and it did not inject new and
harmful evidence into evidence. See id. at 260; Sandoval, 52 S.W.3d at 857. Rather,
the comment, albeit inappropriately stated, was in response to the prosecutor’s evident
belief that defense counsel was misleading the jury on the appropriate sentencing
range. The first factor, therefore, does not weigh in appellant’s favor. With respect
to the second factor, although the judge overruled appellant’s objection, the jurors
heard the defense’s objection, and they were in a position to evaluate the truthfulness
of the State’s assertion and to decide for themselves whether defense counsel was, in
fact, trying to trick them. See Mosley, 983 S.W.2d at 260. Therefore, the second
factor does not weigh heavily in appellant’s favor. As to the third factor, we look to
the certainty of the conviction, or, in the case here, punishment. In his closing
argument, defense counsel asked the jury to sentence appellant to 15 years. However,
the indictment included two enhancement paragraphs which, if both found true, raised
the minimum sentence on the codeine charge to 25 years. See Tex. Pen. Code Ann.
§ 12.42 (Vernon 2005). The jury found both enhancements to be true. It is unlikely
that the prosecutor’s inappropriate comment affected these findings or, therefore, the
subsequent sentence. Accordingly, we conclude that the complained of jury argument
does not undermine the certainty of appellant’s punishment. See Mosley, 983 S.W.2d
at 259.
          We overrule appellant’s fourth point of error in both causes.
Sufficiency of the Evidence
          In his fifth and sixth point of error in both causes, appellant argues that the
evidence is legally and factually insufficient to affirmatively link him to the marihuana
and codeine found in the trunk of the car. In his seventh and eighth points of error in
cause number 967717, appellant argues that the evidence is legally and factually
insufficient to show that he had knowledge of the unlawful nature of the codeine.
          Legal Sufficiency
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational factfinder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not reweigh the evidence and substitute our judgment for that of the
factfinder. King, 29 S.W.3d at 562. 
Affirmative Links and Knowledge
          Intentionally or knowingly possessing a controlled substance is an offense under
the Texas Controlled Substance Act. See Tex. Health & Safety Code Ann. §
481.115(a) (Vernon 2003). To prove the offense of possession of a controlled
substance, the State must show that the accused (1) exercised actual care, custody,
control, or management of the controlled substance and (2) was conscious of his
connection with the controlled substance and knew what it was. See id. § 481.002(38)
(Vernon 2005), § 481.112(a) (Vernon 2003); Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995). Both of these elements, including knowledge of the unlawful
nature of the seized substance, may be established by either direct or circumstantial
evidence. See Brown, 911 S.W.2d at 747.
          The State need not prove exclusive possession of the contraband for conviction. 
Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d) (citing Harvey v. State, 487 S.W.2d 75, 77 (Tex. Crim. App. 1972)). When the
accused is not in exclusive possession of the place where the contraband is found,
however, we cannot conclude that the accused had knowledge of and control over the
contraband unless the State established an “affirmative link” between the accused and
the contraband—i.e. independent facts and circumstances that affirmatively link the
accused to the contraband so as to suggest that the accused had knowledge of the
contraband and exercised control over it. Rhyne v. State, 620 S.W.2d 599 (Tex. Crim.
App. 1981); Roberson, 80 S.W.3d at 735. In other words, the State must establish that
the accused’s connection with the substance was more than just fortuitous. Brown,
911 S.W.2d at 747. Although several linking factors have been identified, the number
actually supported by the evidence is not as important as the “logical force” they
collectively create to prove that a crime has been committed. Roberson, 80 S.W.3d
at 735 (quoting Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991,
pet. ref’d)).
          The Court of Criminal Appeals has identified several factors that may help to
establish an affirmative link to the contraband, including whether: (1) the contraband
was in plain view; (2) the contraband was conveniently accessible to the accused; (3)
the accused was the owner of the place where the contraband was found; (4) the
accused was the driver of the automobile in which the contraband was found; (5) the
contraband was found on the same side of the car as where the accused was sitting; (6)
the place where the contraband was found was enclosed; (7) the odor of the drug
found was present in the vehicle; (8) paraphernalia to use the contraband was found
in view of or on the accused; (9) conduct by the accused indicated a consciousness of
guilt; (10) the accused had a special connection to the contraband; (11) occupants of
the vehicle gave conflicting statements about relevant matters; (12) the physical
condition of the accused indicated recent consumption of the contraband found in the
vehicle; and (14) affirmative statements by the accused connect the accused to the
contraband. Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d). Courts have also considered (15) whether traces of the contraband
or a large sum of money were found on the accused. Whitworth, 808 S.W.2d at 569;
Roberson, 80 S.W.3d at 742; (16) the amount of contraband found. Roberson, 80
S.W.3d at 740; and (17) whether the accused attempted to flee. Chavez v. State, 769
S.W.2d 284, 288–89 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d). 
          Here, Officer Garcia found the codeine and marihuana in the trunk of a car
being driven and occupied solely by appellant. Appellant admitted that the clothing
and cologne found in the passenger compartment of the car belonged to him. Similar
items were found in the trunk, an enclosed space, surrounding the open picnic basket
in which the contraband was found. See Villegas v. State, 871 S.W.2d 894, 896 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d) (noting that the contraband’s location in
relationship to the defendant’s personal belongings may help to establish an
affirmative link). Officer Garcia observed that the passenger compartment contained
a small trace of marihuana and a slight odor of marihuana. When he opened the trunk,
however, Officer Garcia smelled a strong odor of marihuana. Hidden in the picnic
basket, along with the contraband, were plastic baggies and a digital
scale—paraphernalia used for weighing, packaging, and distributing. K. Carpenter,
a forensic chemist with the Houston Police Department, testified that the marihuana
weighed a total of 14.4 ounces—an amount that is not insignificant. He also testified
that the baby bottle contained a mixture of codeine and prescription cough syrup that
weighed 239.9 grams. Officer Garcia testified that the drugs in the trunk had a street
value of well over $10,000. We conclude, based on the evidence presented at trial,
that a jury could have found beyond a reasonable doubt that appellant had actual care,
custody, control, or management of the marihuana and codeine in the trunk. See
Wesbrook, 29 S.W.3d at 111. We also conclude that a jury could have found beyond
a reasonable doubt that appellant knew of the unlawful nature of the codeine. See id.
          We overrule appellant’s fifth point of error in both causes and his seventh point
of error in cause number 967717.
          Factual Sufficiency
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all the evidence in a neutral light, and we will
set aside the verdict only if the contrary evidence is so strong that the verdict is clearly
wrong and manifestly unjust or the evidence is so weak that the standard of proof
beyond a reasonable doubt could not have been met. Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 483 (Tex.
Crim. App. 2004)). Our evaluation may not intrude upon the factfinder’s role as the
sole judge of the weight and credibility accorded any witness’s testimony. Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to give
contradictory testimonial evidence is within the sole province of the factfinder because
it turns on an evaluation of credibility and demeanor; the fact finder may choose to
believe all, some, or none of the testimony presented. Id. at 407–09. We must defer
appropriately to the factfinder to avoid substituting our judgment for its judgment. 
Zuniga, 144 S.W.3d at 481–82.
          In his sixth point of error in both causes, appellant argues that the evidence is
factually insufficient to affirmatively link him to the codeine and marihuana.
Specifically, appellant argues that because the car was registered to an M. Drake,
someone other than appellant owned it and at least one other person had access to its
trunk. Thus, the contraband in the trunk, appellant contends, cannot be linked
affirmatively to him. In his eighth point of error in cause number 967717, appellant
contends that the evidence is factually insufficient because the State failed to present
any testimony regarding a label on the bottle in which the codeine was found and
because appellant did not admit knowing that the contents of the bottle was a
controlled substance.
          Appellant relies on several Court of Criminal Appeals cases to contend that a
showing that an accused exercised some sort of ownership right over the place where
the codeine and marihuana was found, if that place was also occupied by others, is not
sufficient to support a finding of joint possession. See Guiton v. State, 742 S.W.2d 5
(Tex. Crim. App. 1987); Rhyne v. State, 620 S.W.2d 599 (Tex. Crim. App. 1981);
Wright v. State, 500 S.W.2d 170 (Tex. Crim. App. 1973). 
          Appellant mischaracterizes the holdings of the three cases he cites. The Guiton
court did not find that an affirmative link can never be established when the place
where contraband was found was occupied by more than one person. See Guiton, 742
S.W.2d at 8. Rather, it found that, “[t]he fact that a defendant has rented the premises
upon which narcotics are found, if also occupied by others, is not usually sufficient in
and of itself to justify a finding of joint possession.” Id. (emphasis added) (citing
Rhyne, 620 S.W.2d at 601; Wright, 500 S.W.2d at 170). In other words, additional
independent facts and circumstances must be shown that affirmatively link the accused
to the contraband when he is not in exclusive possession of the place where the
contraband is found. Guiton, 742 S.W.2d at 8.
          For a review of factual sufficiency, we must consider the most important
evidence that appellant claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003). Appellant relies on testimony that the car was
registered to someone else and not him. Although the car was registered to M. Drake
and not appellant, T. Jach, the used car sales manager at Davis Chevrolet, testified that
Drake


 had traded the car in to Davis Chevrolet


 on September 30, 2003,


 more than
a month before the drugs were discovered. Officer Dorris testified that it was not
uncommon for someone with the amount of contraband that appellant possessed to
drive someone else’s vehicle. When Officer Dorris tried to pull appellant over for
running a stop sign, appellant fled, leading Dorris on a high speed car chase through
a residential area before losing control of the vehicle and crashing it into a ditch. See
Bigby v. State, 892 S.W.2d 864, 884 (Tex. Crim. App. 1994) (noting that evidence of
flight shows a consciousness of guilt of the crime for which the defendant is on trial);
Santos v. State, 961 S.W.2d 304, 305 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d)
(noting that the admissibility of flight to prove consciousness of guilt is a long-established rule). 
          The jury has the sole province to decide what weight is to be given to
contradictory testimony as it turns on an evaluation of credibility and demeanor. Cain
v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). A jury is free to believe
any or all of the testimony of the State’s witnesses. Id. at 409. The jury’s decision,
therefore, is not manifestly unjust merely because the jury resolved conflicting views
of evidence in favor of the State. Id. at 410. 
          Here, the jury was free to believe that M. Drake no longer had any connection
to the car and to decide that the State’s evidence established that, given his sole
occupancy of the car and the other affirmative links, appellant knowingly possessed
the codeine and marihuana. Moreover, the lack of labels on the bottles of codeine is
not affirmative evidence that undermines the verdict. Thus, after neutrally examining
all the evidence, we conclude that the proof of guilt was not so obviously weak as to
undermine confidence in the jury’s determination, nor was the contradictory evidence
so strong that the standard of proof beyond a reasonable doubt could not have been
met. See Escamilla, 143 S.W.3d at 817. 
          We overrule appellant’s sixth point of error in both causes and his eighth point
of error in cause number 967717. 
          Conclusion
We affirm the judgment of the trial court.
 
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).