Opinion issued June 15, 2007






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00834-CR






DICKEY WOODLEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1041672






MEMORANDUM OPINION


 Appellant pleaded guilty to first-degree felony possession of codeine, without
an agreed recommendation regarding punishment. (1) After a presentence investigation
(PSI) hearing, the trial court assessed punishment at six years in prison. Presenting
one issue, appellant contends, "The trial court erred by considering prior cases
wherein prosecution had been dismissed because evidence had been illegally
obtained." 

 We affirm. 

Background


 The trial court ordered the preparation of a PSI report following appellant's
guilty plea in this case. Although the trial court considered it in sentencing appellant,
the PSI report was not filed in the trial court and is not included in the appellate
record. (2)
 From the transcript of the PSI hearing, it is apparent that the PSI report
indicated that appellant had previously been charged with two other drug offenses. 
According to appellant, the PSI report also indicated that these earlier charges were
dismissed, but did not state the reason for the dismissals. At the PSI hearing,
appellant presented a document prepared by defense counsel entitled "amendments,
correction, and supplement" to the PSI report ("the supplement to the PSI report"). 
Although reviewed by the trial court, the supplement to the PSI report is not part of
the record. 

 From the transcript of the PSI hearing, it is apparent that the supplement
served, in part, to correct or to clarify the factual assertions made in the PSI report. 
For instance, it is apparent that the supplement served to explain the circumstances
surrounding appellant's arrest in the instant offense and to point out that the charges
arising from appellant's prior drug offenses had been dismissed following successful
motions to suppress. During the PSI hearing, defense counsel stated that he was
familiar with appellant's earlier drug offenses because he had represented appellant
in those cases and had filed the motions to suppress. In this regard, defense counsel
told the trial court that it was "not important that I was the lawyer involved with that
[i.e., the earlier drug cases] and that we had a successful result [i.e., dismissal
following motions to suppress]." Rather, defense counsel stated that he included that
information in the supplement to the PSI report "to illustrate to the Court that I've had
some involvement with Mr. Woodley over the years." Defense counsel then told the
trial court that appellant was a "markedly different young man than I saw just two
short years ago." Counsel stated that appellant was willing to take responsibility for
his conduct and was remorseful. Defense counsel asserted that he believed appellant
was "salvageable" and requested the trial court to grant appellant community
supervision to allow appellant to pursue drug counseling.

 In response, the State requested the trial court to "take notice of the prior
dismissals" and argued that the earlier drug cases against appellant were dismissed
as a result of successful motions to suppress and "not necessarily because . . .
[appellant] wasn't actually guilty of those offenses." The State concluded its
arguments by asking the trial court to sentence appellant to prison for the "appropriate
amount of time." At the end of the PSI hearing, the trial court also made comments
indicating that the prior offenses were a consideration when it sentenced appellant to
six years in prison.

Violation of The Exclusionary Rule


 On appeal, appellant contends that the trial court erred by considering the prior
drug offenses when the charges for those offenses had been dismissed. Appellant
asserts that the trial court's consideration of the prior offenses violated the Fourth
Amendment's exclusionary rule. See U.S. Const. amend. IV. 

 We agree with the State that appellant's complaint on appeal was not preserved
for our review. Appellant did not assert at the PSI hearing that the trial court should
not consider the earlier, dismissed offenses because such consideration would violate
the exclusionary rule. To the contrary, defense counsel told the trial court that the
fact that appellant had a "successful result" in obtaining the earlier dismissals was
"not important." Moreover, appellant does not assert on appeal that he objected in
the trial court based on the exclusionary rule. Rather, appellant contends simply that
the trial court should not have considered the previous offenses because appellant
pointed out in the supplement to the PSI report and at the PSI hearing that the earlier
cases had been dismissed. 

 To preserve a complaint for our review, a party must make a timely, specific
objection, Tex. R. App. P. 33.1(a)(1), and the complaint made on appeal must match
the objection made at trial. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995). The Court of Criminal Appeals has made clear that "even constitutional errors
may be waived by failure to object at trial." Id. Thus, appellant's failure to object in
the trial court to the court's consideration of the earlier, dismissed offenses based on
the exclusionary rule waives such complaint on appeal.

 Moreover, even if we assume that appellant raised the identical complaint that 
he now raises on appeal in the supplement to the PSI report, appellant has nonetheless
not preserved his complaint. As discussed, defense counsel specifically told the trial
court that the dismissal of the earlier offenses was of "no importance." Instead, the
defense argued that appellant was a changed person who was now willing to accept
responsibility and was remorseful. Thus, to the extent that the supplement to the PSI
report contained the complaint now asserted on appeal, such complaint was
abandoned by appellant during the PSI hearing. See Cole v. State, 194 S.W.3d 538,
545 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd) (citing Purtell v. State, 761
S.W.2d 360, 366 (Tex. Crim. App. 1988) (noting, "When a defendant creates the
impression that he is abandoning his objection, his initial objection is insufficient to
preserve the error for appeal.") In addition, assuming that the supplement to the PSI
report contained the claimed objection, appellant waived that objection by failing to
obtain a ruling on it in the trial court. See Tex. R. App. P. 33.1(a)(2); Dixon v. State,
2 S.W.3d 263, 265 (Tex. Crim. App. 1998) (recognizing that complaining party must
obtain adverse ruling from trial court to preserve complaint for appellate review).

 We overrule appellant's sole issue.

Conclusion


 We affirm the judgment of the trial court.




 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justice Keyes and Higley.


Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Health & Safety Code Ann. § 481.115(a), (e) (Vernon 2003); see also
id. § 481.102(3)(A) (Vernon Supp. 2006).
2. As noted by the Court of Criminal Appeals, because the PSI Report is "confidential"
by law, it is not required to be made a part of the appellate record and thus is not
usually included in the record. Brewer v. State, No. 1270-03, 2004 WL 3093224, at
*4 (Tex. Crim. App. May 19, 2004) (not designated for publication); see Tex. Code
Crim. Proc. Ann. art. 42.12, § 9(j) (Vernon 2006).