Opinion issued March 13, 2008





 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00348-CR
  __________
 
ANTHONY LERMA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1091720
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Anthony Lerma, guilty of burglary of a habitation, and,
after having found true the enhancement allegations of felony convictions for injury
to a child and burglary of a habitation, the trial court assessed punishment at 42 years
in prison.


 In his sole point of error, appellant contends that the trial court erred in
failing to grant a mistrial after improper jury argument. 
          We affirm.
 Background
          On November 5, 2006, appellant was found in the home of Fern Casio. 
Officers were called to Casio’s home by a neighbor. When they arrived, they saw a
broken window, and they called for a special security unit to come to the scene and
clear the building. When the special unit arrived at the scene, the officer announced
that he was releasing the dog into the residence. As the dog began barking, appellant
surrendered himself and came out of the Casio’s home through the broken window. 
Appellant was then placed under arrest and searched. Officers found jewelry in his
pants pocket, which belonged to Casio. When Casio returned home, she found that
her house was ransacked. Casio also found a monogrammed flask containing alcohol. 
The initials on the flask were “A” and “L.”
Improper Jury Argument
          In his sole point of error, appellant contends that the trial court erred in failing
to grant a mistrial after improper jury argument in the guilt-innocence phase.


 
Standard of Review
          We review a trial court’s ruling denying a mistrial under an abuse-of-discretion
standard. Archie v. State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); Alfaro v.
State, 224 S.W.3d 426, 430 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A
mistrial is a device used to halt trial proceedings when error is so prejudicial that
expenditure of further time and expense would be wasteful and futile. Alfaro, 224
S.W.3d at 430. 
The Law
          The law provides for, and presumes, a fair trial, free from improper argument
by the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). In general,
proper jury argument must encompass one of the following areas: (1) a summation
of the evidence presented at trial; (2) a reasonable deduction drawn from that
evidence; (3) an answer to the opposing counsel’s argument; or (4) a plea for law
enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999); Cole v.
State, 194 S.W.3d 538, 544 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d). To
determine whether a party’s argument properly falls within one of these categories,
we must consider the argument in light of the entire record. Cole, 194 S.W.3d at 544.
To constitute reversible error, the contested jury argument must be extreme or
manifestly improper, or it must inject new and harmful facts into evidence. Id. In
most cases, if error occurs, an instruction to disregard will cure any error committed. 
Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).
Analysis
          During closing argument at the guilt-innocence stage, the prosecutor made the
following argument:
We have a couple that you heard testify, and it’s kind of
sad to me the fact that this couple – you know, it’s Sunday
morning. They get up to go enjoy their day. They go to a
museum. They go to the dog park. They just think it’s a
regular day. And they come home a little while later, and
their house has been completely ransacked. I mean, it’s
obvious that the person who is in there is not there to do
anything else other than to rob them of what they’ve got,
what they believe is valuable so that they can take it. It’s
pretty sad that they have to go through something like this. 
You heard them talk about how they moved out
immediately the next day. That’s how disturbing it was. 
I want you to think about how you would feel if this
happened to you. 
 
          Appellant objected and moved for a mistrial on the grounds that the State was
“putting the jurors in the place of the victims.” The trial court sustained appellant’s
objection and instructed the jury to disregard the last comment, but denied the motion
for mistrial. 
          Appellant contends that the State’s comments were so prejudicial that an
instruction to disregard was incapable of curing the harm. The argument complained
of, however, did not inject any new or harmful facts into evidence. The jury heard
testimony describing how appellant was found at Casio’s home and how jewelry
belonging to Casio was found in appellant’s pocket after he surrendered to the
arresting officers. The jury also heard testimony from the victims describing how
they felt when they found their home “ransacked” after returning from their Sunday
morning walk. 
          Given the record as a whole, the contested argument was not so extreme as to
require reversal, and, given the timely instruction to the jury to disregard the
prosecutor’s statement, we presume the instruction was sufficient to cure any harm.
See Brandley v. State, 691 S.W.2d 699, 713 (Tex. Crim. App. 1985); Klock v. State,
177 S.W.3d 53, 64 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).
          We overrule appellant’s sole point of error.
 
 
 
Conclusion
          We affirm the trial court’s judgment.

 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).