NO. 07-08-0128-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 7, 2009
_____

JUAN GOMEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 19,300-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

A jury convicted appellant Juan Gomez of aggravated robbery. He appeals that conviction by contending the trial court erred in 1) failing to *sua sponte* instruct the jury on the State's burden to establish the voluntariness of his confession, and 2) overruling his objections to jury argument during the punishment phase of the trial. We affirm the judgment.

*Background*

During the early morning hours of September 4, 2007, appellant and Jereme Durant, both of whom lived in Clovis, New Mexico, drove around Amarillo, attempted to rob one convenience store, and successfully robbed two others. Durant was apprehended later that day, entered into a plea bargain with the State, and testified against appellant at the latter's trial.

*Issue 1 - Jury Instruction on Voluntariness of Confession*

In his first issue, appellant complains that the trial court failed to *sua sponte* give the jury an instruction, per art. 38.23(a) of the Texas Code of Criminal Procedure, regarding whether his confession was voluntary.[1] We overrule the issue.

Assuming *arguendo* that he was entitled to the instruction though he did not request it, *see Oursbourn v. State,* 259 S.W.3d 159, 176 (Tex. Crim. App. 2008) (indicating that it should be submitted when the issue of voluntariness is properly raised even though the defendant does not request it), we find no harm. This is so because the record reflects that appellant tendered little evidence at the actual trial purporting to illustrate that his confession was involuntary. Though the matter was expressly contested in a pretrial hearing, little was said of it thereafter. Furthermore, the State presented a plethora of evidence purporting to show why the confession was voluntarily given. This included having the officer testify about how appellant was mirandized, afforded the chance to leave and use the bathroom, given Rolaids because he had indigestion, failed to appear as if he

---

[1]The instruction reads: "[i]n any case where the legal evidence raises an issue . . . [as to whether evidence was obtained by police in violation of the federal or state constitutions or federal or state laws], the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then . . . the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005).

2

was under the influence of any intoxicants, appeared intelligent and educated, waived counsel, and never asked to end the interview. Again, effort to rebut the foregoing at trial was *de minimus*.[2] *See Busby v. State,* 253 S.W.3d 661, 670 (Tex. Crim. App. 2008), *cert. denied,* __U.S. __, 129 S.Ct. 625, 172 L.Ed.2d 617 (2008) (holding that the defendant was not entitled to the instruction when there was no "affirmatively contested" evidence that raised disputed fact issues on whether the confession was obtained in violation of constitutional or statutory rights). Moreover, the evidence of appellant's guilt, aside from his confession, was quite substantial while the extent of his confession and its clarity was less so. Consequently, we hold that the probability of the jury's decision being different had the instruction been given borders on non-existent.

*Issues 2 and 3 - Jury Argument*

In his next and final two issues, appellant complains of two incidences involving alleged improper jury argument. The arguments were proffered during the punishment phase of the trial. They involved reference to appellant having chosen to have a jury trial while his accomplice opted to plead guilty and appellant's lack of remorse. We overrule both issues.

It is well settled that there are four permissible areas of jury argument. They consist of 1) summing up the evidence at trial, 2) drawing reasonable deductions from the evidence, 3) responding to the argument of opposing counsel, and 4) pleading for the enforcement of the law. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).

---

[2]In making this statement, we do not suggest that greater effort should have been made. Indeed, defense counsel may have legitimately concluded that stressing the matter in front of a jury had little value given what he knew and the testimony of record.

3

Having said this, we note that during trial, appellant's counsel first alluded to remorse and whether appellant showed any. That is, he asked the officer who took the confession whether "he [appellant] told you he was remorseful." The witness replied: "I don't remember that. I remember him telling me he was high." Later, the State asked appellant's wife (who appeared to testify on behalf of appellant during the punishment phase of the trial): ". . . then he's never expressed any regret or remorse to you for having robbed these people with a - - with a gun?" She answered: "[n]o . . . he's just been . . . he's really distressed about the whole situation, but . . . ." These questions and answers having been heard by the jury, it is rather clear that appellant having evinced remorse (or the lack thereof) was in dispute when counsel began their summations. And, it was then that the prosecutor said:

> Make him take responsibility, because he hasn't. He hasn't told any of his family members, oh, my gosh, I did it. I am so sorry. I feel so terrible about the crimes I've committed. I can't believe I've done this to my children. I can't believe I did this to my wife. You-all have tried to help me for a decade, tried to get me clean. We didn't hear any statements about that.

The State's utterance, when taken in context, can reasonably be construed not as an allusion to appellant's decision to remain silent at trial but rather to the failure of appellant to show remorse to those with whom he interacted. Thus, the trial judge could have legitimately exercised his discretion by ruling that the argument fell within the categories of summing up the evidence or drawing reasonable deductions from the evidence. *See Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (stating that discretion is abused when the court's decision falls outside the zone of reasonable disagreement); *Cole v. State,* 194 S.W.3d 538, 546 (Tex. App.–Houston [1st Dist.] 2006,

4

pet. ref'd) (applying a standard of abused discretion to the trial court's ruling on an objection to jury argument).

As for the contention that the State improperly commented upon appellant's right to be tried by a jury, we note that some have written that an accused cannot be punished for invoking that right. *Vaughn v. State,* 931 S.W.2d 564, 572 (Tex. Crim. App. 1996) (Baird, J., dissenting) (and cases cited therein). Here, the prosecutor argued:

> I'm not asking you to punish him, I'll tell you right now. I'm not asking you to punish him for taking advantage of his constitutional right to a jury trial, not at all. But by the same token, you shouldn't give him credit for it either. Okay? But the difference between the two - - Mr. Durant gave up valuable rights in taking his bargain. And the implication being that when a bargain is struck, like Mr. Durant's, the State gives up something, the Defendant gives up something . . . . [Objection and ruling thereon]. The bottom line is, he gave up things to get that sentence. Mr. - - which he had a right to ask for those things, to ask for his right to a jury trial, to require witnesses to appear and testify and confront those witnesses through cross-examination. He had - - he had a right to the presumption of innocence and all of those things, but gave all of those things up in order to get the bargain that he got. Now [the defendant] has exercised his rights, all of the rights that I've talked about. The right to a jury trial, the right to have the State produce witnesses, the right to cross-examine those witnesses, the right to the presumption of innocence, all of those things, which I'm not asking you to punish him for, but there is a difference between Durant and [the defendant] and what sentences they got or should get.

To the extent that those utterances could be viewed as improper, we find them harmless. This is so because at least one of appellant's attempted strategies consisted of swaying the jury to give him the same "good deal" Durant received via the plea bargain. So, the prosecutor attempted to rebut the effort by making the foregoing observation, that is, he wanted to distinguish Durant's situation from that of appellant. Other evidence appeared of record further illustrating differences between the two individuals. For instance, appellant was the one who carried the gun and confronted his victims with it. He also had

a prior record.  And, while he intimated that he should be given some leniency for the sake of his wife and family, the prosecutor illustrated how he traveled from his hometown to Amarillo in the dead of night with two women neither of whom were his wife.  We further note, as previously mentioned, the rather large body of evidence proving that appellant actively engaged in two aggravated robberies and attempted a third.   These circumstances, coupled with the fact that the twenty-year sentence appellant received was less than the maximum to which he was exposed, *see* TEX. PENAL CODE ANN. §12.32(a) (Vernon 2003), lead us to conclude, beyond reasonable doubt, that any allusion to appellant having opted to have a jury trial had no detrimental effect on the punishment he was levied.

Having overruled all of appellant's issues, we affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.