**Opinion issued September 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00877-CR

———————————

**FALLON NICOLE WAGNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 73035**

---

## MEMORANDUM OPINION

A jury convicted appellant Fallon Nicole Wagner of possession of a controlled substance, methamphetamine, in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE § 481.102(6) (Penalty Group 1); *id.* § 481.115(b). The jury also found that she previously had been convicted of two prior instances

of possession of a substance in Penalty Group 1, and she was thus subject to an enhanced sentence. The jury assessed punishment at eight years in prison and a fine of $1,000, and Wagner appealed. In her sole issue, she challenges the sufficiency of the evidence to support the conviction.

Finding no reversible error, we affirm.

## Background

While on patrol, Manvel Police Officer E. Edwards observed a Ford Focus with its hazard lights blinking, parked in a moving lane on southbound Highway 288. The car had Louisiana license plates and was registered to a rental company. The officer stopped his patrol car behind the Ford Focus and checked on the welfare of the driver.

The officer approached the driver's window and noticed that Wagner, the sole occupant of the car, was slumped over as if she were sleeping. The officer knocked on the window. When Wagner rolled down the window, Officer Edwards smelled an "odor of alcohol."

Officer Edwards asked how much Wagner had to drink that night, and she responded that she had consumed two mixed drinks. She had trouble finding her driver's license and proof of insurance, and she had difficulty reaching for a purse on the front passenger floorboard. Officer Edwards noted that she "seemed to be a little bit confused and disoriented."

After observing Wagner's glossy, bloodshot eyes and slurred speech, Officer Edwards had her step out of the vehicle to conduct field sobriety tests. Wagner was not wearing any shoes and had difficulty finding them. She and Officer Edwards found one shoe in the front of the car and another behind the driver's seat. Wagner was unable to perform the field sobriety tests, and consequently she was arrested for driving while intoxicated.

Officer Edwards inventoried the vehicle. Inside the car, he found a silver gift box on the front passenger seat. Inside the gift box, he found a "transparent, small baggie" containing a "crystal-like substance." The substance field-tested positive for methamphetamine. Next, he found a purse on the passenger-side front floorboard next to a bottle of brandy. The purse contained pills that were later identified as Quetiapine, an antipsychotic drug. In the backseat, he found a purple brandy bag, which held eight pills and two glass pipes with burnt ends. Officer Edwards testified that the pipes could be used for smoking cocaine or methamphetamine. He also stated that methamphetamine is commonly ingested through a pipe. Additional drug paraphernalia was also found in the backseat.

Officer Edwards drove Wagner to the police station. During the ride, she alternated between being "relaxed" and having sudden "burst[s] of energy," nodding her head as if dozing and then suddenly picking it up. Officer Edwards testified that, based on his past experience, her behavior during the ride suggested

that she was under the combined influence of methamphetamine and alcohol. After arriving at the police station, Wagner told Officer Edwards that the substance found inside the silver box was "crystal meth."

Wagner was charged with possession of a controlled substance listed in Penalty Group One, and the indictment included enhancements for two prior felony convictions for possession of a controlled substance. At trial, the lead chemist of the Brazoria County Crime Laboratory testified that the substance contained 0.0832 grams of methamphetamine, which is a controlled substance listed in Penalty Group One.

The jury found Wagner guilty of possession of a controlled substance, methamphetamine, in an amount less than one gram. Wagner appealed.

## Analysis

In her sole issue on appeal, Wagner argues that the evidence was insufficient to support her conviction.

We determine the sufficiency of evidence to support a criminal conviction by considering all of the evidence in the light most favorable to the verdict and determining whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex.

Crim. App. 2012). The standard is the same for both direct and circumstantial evidence cases. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Merritt*, 368 S.W.3d at 525–26. We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Merritt*, 368 S.W.3d at 526.

To prove unlawful possession of a controlled substance, the State must prove that the defendant exercised control, management, or care over the substance and that he knew the matter possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* TEX. HEALTH & SAFETY CODE § 481.002(38). In this case the State was required to prove that Wagner exercised control, management, or care over the methamphetamine and that she knew that the substance in the silver gift box was methamphetamine. However, the State was entitled to rely upon circumstantial evidence because circumstantial evidence "is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt." *Carrizales*, 414 S.W.3d at 742 (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

Regardless of whether the evidence is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than fortuitous. *Poindexter*, 153 S.W.3d at 405–06. Presence or proximity, when combined with other evidence, either direct or circumstantial, may be sufficient to establish the element of possession beyond a reasonable doubt. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

The Court of Criminal Appeals has recognized numerous "affirmative links" as non-exclusive factors that may establish possession, including whether: (1) the defendant was present when a search was conducted; (2) the contraband was in plain view; (3) the contraband was in proximity to and accessible by the defendant; (4) the defendant was under the influence of narcotics when arrested; (5) the defendant possessed other contraband when arrested; (6) the defendant made incriminating statements when arrested; (7) the defendant attempted to flee; (8) the defendant made furtive gestures; (9) there was an odor of contraband; (10) other contraband or drug paraphernalia was present; (11) the defendant owned or had the right to possess the place where the contraband was found; (12) the place where the contraband was found was enclosed; (13) the defendant was found with a large amount of cash; and (14) the conduct of the defendant indicated a consciousness of guilt. *Id*. at 162 n.12.

These factors do not comprise "an independent test of legal sufficiency." *Id.* at 161–62 n.9. Rather, the key legal question is whether the circumstances, in conjunction with a defendant's presence, justify a conclusion that the defendant knowingly possessed the contraband. *Id.* "It is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict." *Id.* at 166.

When looking at the evidence in the light most favorable to the verdict, the State presented evidence for six of the nonexclusive factors identified by the Court of Criminal Appeals. However, it is not the number of links that is dispositive, but rather the logical force of all of the evidence, both direct and circumstantial. *Evans*, 202 S.W.3d at 162. Based on the logical force of the evidence presented, we find that a rational jury could have found Wagner guilty beyond a reasonable doubt.

*Factors 1 and 3: Wagner's presence when the search was conducted, and Wagner's proximity to and the accessibility of the contraband.* Officer Edwards testified that when he arrived, Wagner was sitting in the driver's seat of the Ford Focus, and she was the sole occupant. He also testified that he found the silver gift box containing the methamphetamine on the passenger seat next to Wagner. The jury was free to rely on the testimony of Officer Edwards as to the location of the box containing the methamphetamine. The jury was also free to consider the testimony that the box was sitting on the passenger seat and that Wagner was in the

driver seat and sole occupant of the vehicle as evidence that she was in close proximity to the contraband and that it was accessible to her.

*Factor 4: Whether Wagner was under the influence of narcotics when arrested.* Officer Edwards testified that Wagner's inability to perform field sobriety tests, the odor of alcohol, and her behavior during the ride to the police station led him to believe that she was under the influence of both alcohol and methamphetamine. He testified that Wagner would nod her head and then pick it back up quickly as if she had a burst of energy, which he said was consistent with the effects of a combination of alcohol and a stimulant such as methamphetamine. The jury was entitled to rely on this testimony to determine that Wagner was under the influence of methamphetamine at the time she was arrested.

*Factor 6: Whether Wagner made incriminating statements when arrested.* Officer Edwards testified that after the arrest Wagner told him the crystalline substance was crystal meth. The jury, as factfinder, was entitled to determine Officer Edwards's credibility and to consider his testimony as evidence that Wagner knew that the substance was methamphetamine and as a link between her and control of the substance.

*Factor 10: Whether other contraband or drug paraphernalia was present.* Officer Edwards testified that a purple brandy bag containing pills and two pipes that could be used for smoking methamphetamine were found in the backseat.

Additional drug paraphernalia were found in the backseat of the car. The jury was entitled to consider the presence of the additional contraband and drug paraphernalia in the car as a link between Wagner and the methamphetamine.

*Factor 12: Whether the place where the contraband was found was enclosed.* When the officer approached, the car's doors and windows were closed. He had to knock on the window in order to speak with Wagner. The jury was entitled to consider this testimony with the testimony that she was the only person in the car in order to infer that Wagner possessed the methamphetamine.

Wagner contends that several affirmative links are not supported by the evidence. She is correct that some of the factors that have been used to establish possession are absent in this case. For example, she was not found with a large amount of cash. *See Evans*, 202 S.W.3d at 162 n.12. However, the "absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Wagner contends that there was no evidence showing she was the owner of the car in which the methamphetamine was found. Yet the State is not required to prove that Wagner owned the car in order to show that she exercised control, management, or care over the methamphetamine and knew what it was. *See, e.g.*, *Blackman v. State*, 350 S.W.3d 588, 589 (Tex. Crim. App. 2011) (upholding the

9

conviction for possession of a controlled substance of a passenger in a car that contained cocaine). The jury was free to determine that she possessed the methamphetamine despite the fact the car was rented.

Wagner also argues that there was no evidence that she had access to the controlled substance. In *Cole v. State*, 194 S.W.3d 538 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd), evidence showing that the substance was located near the defendant's possessions in the enclosed trunk of a car being driven solely by the defendant, when combined with evidence supporting other links, was sufficient for a jury to convict the defendant for possession of a controlled substance. *See Cole* 194 S.W.3d at 549. The evidence of Wagner's access was much stronger than that found to be sufficient in *Cole*. Additionally, Wagner's personal belongings, such as her shoes and purse, were scattered next to and among the drugs and paraphernalia. The jury could rationally conclude that Wagner had access to and possessed the methamphetamine based on this evidence.

Finally, Wagner argues that there was no evidence that she was the only one to have control over the car. However, Officer Edwards testified that Wagner was the sole occupant and driver of the car. The jury was entitled to consider this issue and weigh the evidence in light of the fact that Officer Edward's testimony was not contested at trial.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Wagner possessed methamphetamine in an amount less than one gram. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Merritt*, 368 S.W.3d at 525. Accordingly we overrule Wagner's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).