NO. 07-09-0210-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 10, 2009
______________________________

ROBIN HOSEA, APPELLANT

V.

GEORGE WHITTENBURG, ET AL, APPELLEES
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 57066A; HONORABLE HAL MINER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER ON MOTION
Appellees, George Whittenburg and Whittenburg, Whittenburg, Schachter & Harris,
P.C., filed a Motion to Dismiss the Appeal for Lack of Jurisdiction. After reviewing the
motion, appellant=s statement regarding the Court=s jurisdiction, appellees’ response to
appellant=s statement, and the clerk=s record, we overrule appellees’ motion.
The trial court signed an Order of Dismissal for Want of Prosecution in the above
referenced case on March 24, 2009. Appellant timely filed a Motion to Reinstate the case
on April 6. As a result, appellant=s notice of appeal was due to be filed by June 22, 2009. 
See Tex. R. App. P. 26.1(a)(3). Under the rules of appellate procedure and considering
information contained in the affidavit of appellant=s attorney and the exhibit attached
thereto, the notice should be considered filed on June 23. See Tex. R. App. P. 9.2(b). 
Thus, appellant=s notice of appeal was filed one day past the deadline for filing the same.
While appellant=s notice of appeal was not timely filed, the Court may extend the
time to file notice of appeal if the party files the notice of appeal and a motion for extension
of time to file the notice within 15 days of the deadline for filing the notice. See Tex. R.
App. P. 26.3. Appellant, however, did not file a motion for extension of time. A motion for
extension of time is implied when a notice of appeal is filed in good faith within the 15-day
window following the deadline. In re J.R.U., No. 07-08-0328-CV, 2008 Tex.App. LEXIS
8020, at *1 (Tex.App.BAmarillo October 22, 2008) (memo. op.) (citing Verburgt v. Dorner,
959 S.W.2d 615, 616-17 (Tex. 1997)). Nevertheless, it is still necessary for an appellant
to reasonably explain the need for an extension. Id. at *2 (citing Jones v. City of Houston,
976 S.W.2d 676, 677 (Tex. 1998)). A reasonable explanation includes any plausible
statement of circumstances indicating that the failure to file within the required period was
not deliberate or intentional. See Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669-70
(Tex. 1989). In the present case, appellant=s counsel simply miscalculated the date that
appellant=s notice of appeal was required to be placed in the mail. This is evidence of a
mistake rather than a deliberate or intentional effort to circumvent the deadline. 
 
As such, we conclude that appellant=s notice of appeal was timely filed and overrule
appellees’ motion to dismiss the appeal.
 
                                                                Per Curiam

 
 
 
 
 
 



.3d 159, 176 (Tex. Crim. App. 2008) (indicating that it
should be submitted when the issue of voluntariness is properly raised even though the
defendant does not request it), we find no harm. This is so because the record reflects that
appellant tendered little evidence at the actual trial purporting to illustrate that his
confession was involuntary. Though the matter was expressly contested in a pretrial
hearing, little was said of it thereafter. Furthermore, the State presented a plethora of
evidence purporting to show why the confession was voluntarily given. This included
having the officer testify about how appellant was mirandized, afforded the chance to leave
and use the bathroom, given Rolaids because he had indigestion, failed to appear as if he
was under the influence of any intoxicants, appeared intelligent and educated, waived
counsel, and never asked to end the interview. Again, effort to rebut the foregoing at trial
was de minimus.


 See Busby v. State, 253 S.W.3d 661, 670 (Tex. Crim. App. 2008), cert.
denied, __U.S. __, 129 S.Ct. 625, 172 L.Ed.2d 617 (2008) (holding that the defendant was
not entitled to the instruction when there was no “affirmatively contested” evidence that
raised disputed fact issues on whether the confession was obtained in violation of
constitutional or statutory rights). Moreover, the evidence of appellant’s guilt, aside from
his confession, was quite substantial while the extent of his confession and its clarity was
less so. Consequently, we hold that the probability of the jury’s decision being different
had the instruction been given borders on non-existent. 
          Issues 2 and 3 - Jury Argument
          In his next and final two issues, appellant complains of two incidences involving
alleged improper jury argument. The arguments were proffered during the punishment
phase of the trial. They involved reference to appellant having chosen to have a jury trial
while his accomplice opted to plead guilty and appellant’s lack of remorse. We overrule
both issues. 
          It is well settled that there are four permissible areas of jury argument. They consist
of 1) summing up the evidence at trial, 2) drawing reasonable deductions from the
evidence, 3) responding to the argument of opposing counsel, and 4) pleading for the
enforcement of the law. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).
Having said this, we note that during trial, appellant’s counsel first alluded to remorse and
whether appellant showed any. That is, he asked the officer who took the confession
whether “he [appellant] told you he was remorseful.” The witness replied: “I don’t
remember that. I remember him telling me he was high.” Later, the State asked
appellant’s wife (who appeared to testify on behalf of appellant during the punishment
phase of the trial): “. . . then he’s never expressed any regret or remorse to you for having
robbed these people with a - - with a gun?” She answered: “[n]o . . . he’s just been . . .
he’s really distressed about the whole situation, but . . . .” These questions and answers
having been heard by the jury, it is rather clear that appellant having evinced remorse (or
the lack thereof) was in dispute when counsel began their summations. And, it was then
that the prosecutor said: 
Make him take responsibility, because he hasn’t. He hasn’t told any of his 
family members, oh, my gosh, I did it. I am so sorry. I feel so terrible about
the crimes I’ve committed. I can’t believe I’ve done this to my children. I
can’t believe I did this to my wife. You-all have tried to help me for a decade,
tried to get me clean. We didn’t hear any statements about that. 
          The State’s utterance, when taken in context, can reasonably be construed not as
an allusion to appellant’s decision to remain silent at trial but rather to the failure of
appellant to show remorse to those with whom he interacted. Thus, the trial judge could
have legitimately exercised his discretion by ruling that the argument fell within the
categories of summing up the evidence or drawing reasonable deductions from the
evidence. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (stating
that discretion is abused when the court’s decision falls outside the zone of reasonable
disagreement); Cole v. State, 194 S.W.3d 538, 546 (Tex. App.–Houston [1st Dist.] 2006,
pet. ref’d) (applying a standard of abused discretion to the trial court’s ruling on an
objection to jury argument).
          As for the contention that the State improperly commented upon appellant’s right
to be tried by a jury, we note that some have written that an accused cannot be punished
for invoking that right. Vaughn v. State, 931 S.W.2d 564, 572 (Tex. Crim. App. 1996)
(Baird, J., dissenting) (and cases cited therein). Here, the prosecutor argued:
 I’m not asking you to punish him, I’ll tell you right now. I’m not asking you
to punish him for taking advantage of his constitutional right to a jury trial, not
at all. But by the same token, you shouldn’t give him credit for it either. 
Okay? But the difference between the two - - Mr. Durant gave up valuable
rights in taking his bargain. And the implication being that when a bargain
is struck, like Mr. Durant’s, the State gives up something, the Defendant
gives up something . . . . [Objection and ruling thereon]. The bottom line is,
he gave up things to get that sentence. Mr. - - which he had a right to ask
for those things, to ask for his right to a jury trial, to require witnesses to
appear and testify and confront those witnesses through cross-examination. 
He had - - he had a right to the presumption of innocence and all of those
things, but gave all of those things up in order to get the bargain that he got. 
Now [the defendant] has exercised his rights, all of the rights that I’ve talked
about. The right to a jury trial, the right to have the State produce witnesses,
the right to cross-examine those witnesses, the right to the presumption of
innocence, all of those things, which I’m not asking you to punish him for, but
there is a difference between Durant and [the defendant] and what
sentences they got or should get. 
To the extent that those utterances could be viewed as improper, we find them harmless. 
This is so because at least one of appellant’s attempted strategies consisted of swaying
the jury to give him the same “good deal” Durant received via the plea bargain. So, the
prosecutor attempted to rebut the effort by making the foregoing observation, that is, he
wanted to distinguish Durant’s situation from that of appellant. Other evidence appeared
of record further illustrating differences between the two individuals. For instance,
appellant was the one who carried the gun and confronted his victims with it. He also had
a prior record. And, while he intimated that he should be given some leniency for the sake
of his wife and family, the prosecutor illustrated how he traveled from his hometown to
Amarillo in the dead of night with two women neither of whom were his wife. We further
note, as previously mentioned, the rather large body of evidence proving that appellant
actively engaged in two aggravated robberies and attempted a third. These
circumstances, coupled with the fact that the twenty-year sentence appellant received was
less than the maximum to which he was exposed, see Tex. Penal Code Ann. §12.32(a)
(Vernon 2003), lead us to conclude, beyond reasonable doubt, that any allusion to
appellant having opted to have a jury trial had no detrimental effect on the punishment he
was levied. 
          Having overruled all of appellant’s issues, we affirm the judgment. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice

Do not publish.