NO. 07-06-0486-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2008

_____


JEREMY JAY BROCK, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-06D-049; HON. ROLAND SAUL, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant Jeremy Jay Brock appeals from his conviction of the offense of murder and his resulting sentence of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Via two points of error, appellant contends that the trial court abused its discretion by admitting evidence of extraneous bad acts and by failing to

grant a mistrial after a witness testified to a statement that had been suppressed by the court. Finding no error, we affirm.

## Factual and Procedural Background

By an April 2006 indictment, appellant was charged with the murder of his estranged wife by shooting her with a gun. On his plea of not guilty, the matter proceeded to trial by jury.

Because the sufficiency of the evidence supporting appellant's conviction is not challenged on appeal, we mention only those facts necessary to our decision. During the four-day trial, evidence established that on December 26, 2005, appellant's estranged wife opened the front door of her residence and was fatally shot in the head. The State used more than twenty witnesses and more than 150 exhibits to illustrate the events of that day, describe the troubled relationship between appellant and his estranged wife, and show that appellant was the person who shot her.

The defense's case emphasized the possibility the murder was committed by another person. In cross-examination of police witnesses, the defense established fingerprints found at the scene were checked only against appellant's fingerprints and not against any other potential suspects. The defense pointed to a friend of the couple, who acknowledged he was having an affair with the victim. Evidence showed this individual owned a handgun that was not examined by police. The defense also attempted to discredit the testimony of an eight-year-old witness by challenging her recall of the events.

At the close of the evidence, the jury found appellant guilty as charged in the indictment and assessed punishment as noted. This appeal followed.

## Analysis

*Evidence of Extraneous Conduct*

Appellant's first point of error contends the trial court erred by admitting evidence of five prior acts of extraneous conduct. The acts include an incident in 2003 in which a witness intervened in an argument between appellant and his wife, and appellant threatened the witness with a shotgun; an incident in 2000 in which appellant used a witness to scare his wife into believing he would take their daughters from her; an incident in 2002 in which appellant's wife told a witness that after she and appellant argued, he threatened her while in a moving vehicle; and an incident in November 2005 in which appellant followed his wife in her car, forced her to stop, confronted her and grabbed a cell phone out of her hand. Appellant similarly complains of admission of evidence that in November 2005, he was placed under a 60-day "magistrate's order" prohibiting appellant from any contact with his wife or her three children. Appellant argues the evidence constituted evidence of extraneous offenses not falling within any exception under Texas Rule of Evidence 404(b). He also presents argument under Rule of Evidence 403.

*Applicable Law*

Rule 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity

3

therewith." Tex. R. Evid. 404(b). However, such evidence may be admissible for other purposes, such as to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b); *Montgomery v. State,* 810 S.W.2d 372, 387-88 (Tex.Crim.App. 1990) (op. on reh'g).

And even relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. The term "probative value" refers to the inherent probative force of an item of evidence–that is, how strongly it serves to make more or less probable the existence of a fact of consequence[1] to the litigation-coupled with the proponent's need for that item of evidence. *Casey v. State,* 215 S.W.3d 870, 879-80 (Tex.Crim.App. 2007), citing *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex.Crim.App. 2006). A trial court's ruling on the admission of evidence is reviewed under an abuse of discretion standard. *Montgomery,* 810 S.W.2d at 379. As long as the trial court's ruling falls within the zone of reasonable disagreement, in view of all the relevant facts, an appellate court will affirm the court's ruling. *Moss v. State,* 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). Thus, an appellate court should not set aside the trial court's rulings absent a showing in the record that the trial court has abused that discretion. *Montgomery,* 810 S.W.2d at 379.

---

[1] A "fact of consequence" includes either an elemental fact or evidentiary fact from which an elemental fact can be inferred. *Montgomery,* 810 S.W.2d at 372. An evidentiary fact that stands wholly unconnected to an elemental fact is not a fact of consequence. *Id.*

4

Article 38.36(a) of the Texas Rule of Criminal Procedure provides: "In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense." Evidence admissible under article 38.36(a) nevertheless may be excluded under Rule 404(b) or Rule 403. *Garcia v. State,* 201 S.W.3d 695, 702 (Tex.Crim.App. 2006), *cert. denied,* __U.S.__, 127 S.Ct. 1289, 167 L.Ed.2d 106 (2008) (article 38.36 and Rules 403 and 404(b) can be applied congruously); *Smith v. State*, 5 S.W.3d 673, 679 (Tex.Crim.App. 1999). *See also Barnes v. State,* No. 04-06-00379-CR, 2007 WL 3171298, (Tex.App.–San Antonio Oct. 31, 2007, pet. dism'd) (mem. op., not designated for publication) (recognizing same). Thus, if a Rule 404(b) objection is raised to evidence proffered under article 38.36(a), the trial court may properly admit the evidence only if it first finds the non-character conformity purpose for which it is proffered is relevant to a material issue in the case. *Smith*, 5 S.W.3d at 679. And if the proffered evidence is challenged under Rule 403, the court also must determine whether it should nevertheless be excluded because its probative value is substantially outweighed by the factors in Rule 403. *Id.*

*Application*

Evidence showed that appellant and his wife's marriage was tumultuous. One friend described their relationship as having "the highest of highs and the lowest of lows." A

close family friend called it "rocky." They separated several times. Appellant acknowledges that evidence of the nature of their relationship was admissible. He argues, however, that the relationship evidence involving his extraneous bad acts was not properly admitted for a purpose other than to suggest he was acting in conformity with his past bad character in their relationship. We disagree. The two incidents occurring in 2005, within two months of the murder, were probative of appellant's motive to kill his wife.[2] Both incidents were associated with her final separation from him and establishment of a residence next door to her family members. And the November 2005 incident caused appellant to lose his job. The three previous incidents, while more remote in time[3] and in probative value, also served to explain to the jury how appellant, the victim's husband of five years and father of two of her children, became motivated to kill her. Evidence of prior hostile offenses by the accused against the victim is admissible as circumstantial evidence of motive. *Bisby v. State,* 907 S.W.2d 949, 958 (Tex.App.–Fort Worth 1995, pet. ref'd);

---

[2] Because the protective order contains information concerning appellant's conduct, we will treat its issuance as evidence of extraneous bad conduct.

[3] Appellant also argues on appeal that the incidents from 2000, 2002, and 2003 are too remote in time to be admissible. Article 38.36 does not limit the time period for which such acts may be admissible. Several cases have held such acts to be admissible despite substantial separation in time. *See Baker v. State,* 368 S.W.2d 627 (Tex.Crim.App. 1963) (prior mistreatment of wife by husband six years before her death admissible); *Stephen v. State,* 293 S.W.2d 789, 790 (Tex.Crim.App. 1956) (incident six years prior admissible), *citing Paschal v. State,* 174 S.W. 1057, 1060 (Tex.Crim.App. 1915) (incidents over the period of eight years admissible). *See also Matthews v. State,* No. 07-01-0147-CR, 2002 WL 1917699 (Tex.App.–Amarillo Aug. 20, 2002, no pet.) (mem. op., not designated for publication) (trial court had basis pursuant to article 38.36 to admit evidence of assault on victim seven years prior); *Jones v. State,* No. 07-96-0041-CR, 1996 WL 465198 (Tex.App.–Amarillo Aug. 15, 1996, pet. ref'd) (mem. op., not designated for publication) (finding two incidents between appellant and deceased occurring five and seven years prior to the 1994 prosecution were not too remote for article 38.36 purposes).

6

*Page v. State,* 819 S.W.2d 883, 887 (Tex.App.–Houston [14th Dist.] 1991, pet. ref'd), *quoting Foy v. State,* 593 S.W.2d 707, 709 (Tex.Crim.App. 1980) (panel op.) ("[e]vidence of prior extraneous offenses committed by the accused against the victim of the offense charged that show ill will or hostility toward the victim is admissible as part of the State's case in chief as circumstantial evidence of the existence of a motive for committing the offense charged."). Although motive is not an essential element of murder, evidence of motive is admissible because it is a circumstance tending to prove the commission of the offense. *Bush v. State,* 628 S.W.2d 441, 444 (Tex.Crim.App. 1982); *Bisby,* 907 S.W.2d at 958. Admission of the extraneous bad act evidence here did not contravene Rule 404(b).

We conclude also that Rule 403 did not require the trial court to exclude the challenged evidence. A trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. *Casey,* 215 S.W.3d at 880.

The trial court was acting within its discretion to find the challenged evidence had probative force to explain the relationship between appellant and his wife, and how that

7

relationship motivated her murder. The introduction of the extraneous conduct evidence took little time in comparison to the other evidence presented at trial and we see little risk the evidence suggested to the jury a decision on an improper basis, or confused or distracted the jury. The trial court instructed the jury after each witness testified,[4] concerning the limited purpose for which they were to consider the evidence.

Concluding the court did not err by admitting the challenged evidence, we overrule appellant's first point of error on appeal.

*Failure of Trial Court to Grant Motion for Mistrial*

In appellant's second point of error, he contends that the trial court abused its discretion by denying his motion for a mistrial following the testimony of a Deaf Smith County deputy sheriff. During appellant's cross-examination, appellant asked when the deputy determined appellant to be a suspect in the victim's murder. In answering that question, the deputy made reference to a "confession" made by appellant that had been previously suppressed by the court. Counsel approached the bench and after discussion there, the court, at appellant's request, instructed the jury, "please disregard the fact that [the deputy] said there was a confession in this case. Do not consider that for any reason." Appellant also asked for a mistrial, which the court denied.

---

[4] The instruction stated: "Ladies and gentlemen, this evidence was admitted to show the relationship between the Defendant and the deceased and for no other reason, and you are instructed to consider it for that purpose."

8

We review a trial court's denial of a mistrial under an abuse of discretion standard. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). *See also Archie v. State,* 221 S.W.3d 695, 699-700 (Tex.Crim.App. 2007). Mistrial is a device used to halt trial proceedings when the error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd,* 3 S.W.3d at 567. To determine whether a given error necessitates a mistrial, we must examine the particular facts of the case. *Id.* A mistrial is only required when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex.Crim.App. 1999). *See also Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App. 2004) (only in extreme circumstances, where the prejudice is incurable, will a mistrial be required). When objectionable testimony is elicited, inadvertently or deliberately, an appellate court presumes the jury will follow instructions to disregard the evidence. *Drake v. State,* 123 S.W.3d 596, 604 (Tex.App.–Houson [14th Dist.] 2003, pet. ref'd), *citing Ladd,* 3 S.W.3d at 567 as *quoting Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App. 1987) (en banc).

Certainly, improper testimony that the defendant has confessed carries a significant risk of prejudice. Several factors, however, convince us that the trial court did not abuse its discretion by denying a mistrial here. First, the reference was brief, unclear and not emphasized.[5] Appellant's counsel continued his cross-examination with four more

---

[5] The exchange including the reference to the confession reads as follows:

> Q. (Counsel)    Was it your position from the very beginning that Jeremy Brock was the proper suspect in this case?

questions after the response that included the reference to the confession before approaching the bench. At the bench conference, counsel asked that the response be read back to him so he could make sure he understood it. Although the line of questioning focused on appellant, the deputy's response did not expressly identify appellant as the maker of the confession. Second, the court's instruction was worded in a way that minimized the risk of prejudice. The court instructed the jury to disregard "the fact that [the deputy] *said* there was a confession." (emphasis ours). Third, we cannot ignore the fact that appellant elicited the deputy's improper, but almost certainly inadvertent, reference to the suppressed confession. These factors combine to satisfy us that the reference was not so inflammatory as to prejudice the jury beyond repair.

We will give effect to the presumption that the trial court's well-worded instruction cured any prejudicial effect the comment otherwise would have had. *See Wesbrook v.*

---

| | |
|---|---|
| A. (Deputy) | Not from the very beginning, no. |
| Q. | When did you make that determination in your own mind? |
| A. | When did I make the determination? |
| Q. | Yeah, when did you make the decision? |

A. Oh, it began with the fact that he was found with the children in his custody, a violation of a protective order–

Q. Okay, sir.

A. –then the eyewitness account, and then probably the confession was whenever I really knew for sure that–

Q. Okay. You've talked about an eyewitness account.

*State,* 29 S.W.3d 103, 116 (Tex.Crim.App. 2006) (we presume the trial court's instruction to disregard was followed by jurors); *Williams v. State,* 937 S.W.2d 479, 490 (Tex.Crim.App. 1996); *Waldo v. State,* 746 S.W.2d 750 754 (Tex.Crim.App. 1988); *Louis v. State,* 61 S.W.3d 593, 598 (Tex.App.–Amarillo 2001, pet. ref'd) (jury presumed to follow instruction to disregard). *See also Wilkerson v. State,* 881 S.W.2d 321, 327 (Tex.Crim.App. 1994), *cert. denied* 513 U.S. 1060 (1994) (an instruction to disregard will generally cure the error).[6]  Accordingly, we resolve appellant's second issue against him. We affirm his conviction and sentence.


James T. Campbell
Justice

Publish.

---

[6] The Court of Criminal Appeals found an instruction to disregard a witness's reference to a co-defendant's confession was sufficient to cure its harm, and affirmed denial of a motion for mistrial, in *Basso v. State*, No. 73672, 2003 WL 1702283 (Tex.Crim.App. Jan.15, 2003) (not designated for publication).