

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00020-CR

**RICKY JAMES,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

---

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 07-00050-CRF-361

---

## MEMORANDUM  OPINION

---

A jury found Ricky James guilty of sexual assault of a child and sentenced him to ten-years' imprisonment, probated for ten years with a 180 days in county jail as a condition of community supervision.  Asserting two issues, James appeals.  We will affirm.

James was charged with the sexual assault of Jane Doe, who was fifteen when she moved with her family to Bryan and enrolled at Bryan High School.  Doe joined the ROTC and met James, the sergeant in charge of the ROTC.  During her first semester,

Doe became homesick and lonely in her new school and had poor grades. James pulled her aside, asked her about her problems, and enrolled her in a tutoring program at a church near the school. He also began treating her with more and more familiarity by rubbing her hand when they shook hands, complimenting her, giving her rides home, and constantly talking with her.

Doe testified that on one occasion, James took her to have her ROTC uniform fitted. After the fitting, he took her to his apartment, where he began kissing her and asked her to undress. They had sexual relations, and thereafter their relationship changed dramatically. James began giving Doe rides constantly, and he often would take her to his apartment to have sexual relations. She relied on James as a mentor because he was the only person who listened to her and helped her with her problems. Doe's mother became suspicious of James's relationship with Doe, and after much questioning, Doe finally admitted that she was having a sexual relationship with James. Doe's mother contacted the police. James's defensive theory was that Doe fabricated the sexual assaults because she was pressured by her mother. Another teacher testified that Doe had confided in her that she had made up the allegations because her mother pressured her.

In his first issue, James asserts that the trial court abused its discretion in overruling his objection to the State's extraneous-act evidence about James's inappropriate interaction with another student. "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009)

(quoting *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).  We review a trial court's ruling on the admissibility of extraneous offenses under an abuse-of-discretion standard.  *Id.*  As long as the trial court's ruling is within the "zone of reasonable disagreement," it will be upheld.  *Id.*

The other student, L.G., testified that when she was sixteen and attending Bryan High School, she was having problems at home.  After her mother kicked her out of the house, James found her crying one day on the school's back steps and asked her what was the matter.  She told him about her problems with her mother and that she had been kicked out of the house.  James licked his lips, moved his eyes up and down her, and told her that she could live with him because his wife and kids did not live with him (L.G. was already staying with her female school counselor).  L.G. also testified that James told her she was pretty and that when James shook her hand, he always held it for a long time.

James claims that the extraneous act is not sufficiently similar to the charged offense to be admissible under Rule of Evidence 404(b).

> To be admissible for rebuttal of a fabrication defense, "the extraneous misconduct must be at least similar to the charged one." *Wheeler v. State*, 67 S.W.3d 879, 887 n.22 (Tex. Crim. App. 2002); *Galvez v. State*, No. 10-06-00332-CR, slip op. at 5, 2009 Tex. App. LEXIS 6300, at *8 [2009 WL 2476600, at *3] (Tex. App.—Waco Aug. 12, 2009, [pet. ref'd]) (not designated for publication); *accord Dennis v. State*, 178 S.W.3d 172, 178 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).  Although some similarity is required, the requisite degree of similarity is not as exacting as necessary when extraneous-offense evidence is offered to prove identity by showing the defendant's "system" or *modus operandi*. *Dennis*, 178 S.W.3d at 179; *see Galvez*, No. 10-06-00332-CR, slip op. at 5, 2009 Tex. App. LEXIS 6300, at *8 [2009 WL 2476600, at *3].

*Newton v. State*, --- S.W.3d ---, ---, 2009 WL 2644004, at *1 (Tex. App.—Waco Aug. 19, 2009, pet. ref'd).

Here, the extraneous act is sufficiently similar to the charged offense. They involved sixteen- and fifteen-year-old females who were students of James. They each confided in him their personal problems. He complimented each on their looks and shook their hands similarly by continuing to hold their hands after shaking them. He invited each to his apartment. The trial court gave a limiting instruction that the jury could only use the evidence of this extraneous act as evidence to rebut the defensive theory of fabrication by Doe of her accusations against James. We cannot say that the trial court abused its discretion, and we overrule issue one.

James's second issue contends that, under Rule 403, the trial court abused its discretion in admitting the extraneous-act evidence involving L.G. because its probative value was substantially outweighed by the danger of unfair prejudice.

> In its seminal decision in *Montgomery v. State*, the Court of Criminal Appeals identified four non-exclusive factors to be considered in determining whether evidence should be excluded under Rule 403. 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g). Those factors were: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and, (4) the proponent's need for the evidence. *See id.* (citing 22 CHARLES A. WRIGHT & KENNETH W. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5250, at 545-51 (1978); EDWARD J. IMWINKELRIED, UNCHARGED MISCONDUCT EVIDENCE §§ 2:12, 8:03, 8:07 (1984)); *accord Prible v. State*, 175 S.W.3d 724, 733 (Tex. Crim. App. 2005).

> More recently, the Court has looked to the language of Rule 403 and restated the pertinent factors.

> [A] trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence

along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these factors may well blend together in practice.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006) (footnotes omitted); *accord Subirias v. State*, 278 S.W.3d 406, 408 (Tex. App.—San Antonio 2008, pet. ref'd); *Brock v. State*, 275 S.W.3d 586, 590 (Tex. App.—Amarillo 2008, pet. ref'd); *Stafford v. State*, 248 S.W.3d 400, 411-12 (Tex. App.—Beaumont 2008, pet. ref'd); *but see De La Paz*, 279 S.W.3d at 349 (applying *Montgomery* factors).

*Newton*, --- S.W.3d at ---, 2009 WL 2644004, at *3 (footnote omitted).

*Probative force of the evidence*: The extraneous-act evidence was probative to rebut James's defensive theory of fabrication. As we have already discussed, the extraneous-act evidence is sufficiently similar to the charged offense to have probative value. *See id.* Thus, this factor weighs in favor of admissibility.

*Proponent's need for that evidence*: The trial court could have reasonably concluded that the State's need for the extraneous-offense evidence was "considerable." *See id.* at ---, 2009 WL 2644004, at *4. There were no eyewitnesses and no physical evidence available to corroborate the complainant's testimony, and the State demonstrated that it needed this evidence to rebut James's claim of fabrication. *See id.* This factor weighs in favor of admissibility.

*Tendency of evidence to suggest decision on an improper basis*: Sexually related misconduct and offenses involving minors have a tendency to suggest a verdict on an

improper basis because of the inherently inflammatory and prejudicial nature of crimes of a sexual nature committed against children. *See id.* This danger of unfair prejudice was countersbalanced to some extent by the trial court's limiting instruction. *See id.* Nevertheless, this factor weighs in favor of exclusion of the evidence. *See id.*

*Jury confusion or distraction, undue weight, and amount of time or repetition*: These factors concern whether presentation of the extraneous evidence consumed an inordinate amount of time or was repetitious, and the evidence's tendency to confuse or distract the jury or to cause the jury to place undue weight on its probative value. *See Gigliobianco*, 210 S.W.3d at 641-42; *Newton,* --- S.W.3d at ---, 2009 WL 2644004, at *3-4.

James concedes that L.G.'s testimony consumed only a small amount of time (it consists of twelve pages of a 575-page record) and supports admission. It was not repetitious, and with the trial court's limiting instruction, we do not believe that it could cause jury confusion or distraction or cause the jury to give it undue weight. All of these factors favor admission.

All factors but one weigh in favor of admission of the extraneous-act evidence. "Rule 403 'envisions exclusion of [relevant] evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Newton,* --- S.W.3d at ---, 2009 WL 2644004, at *5 (quoting *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). We cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the extraneous-act evidence and its probative value. Thus, we cannot say the court abused its discretion by overruling James's Rule 403 objection, and we overrule issue two.

Having overruled both issues, we affirm the trial court's judgment.


                                              REX D. DAVIS
                                              Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed February 24, 2010
Do not publish
[CR25]