NO. 07-09-00148-CR

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
B

 



MAY 19, 2010

 



 

SCOTT A. WHEELER,  

                                                                                         Appellant

v.

 

THE STATE OF
TEXAS,  

                                                                                         Appellee

____________________________

 

FROM THE 364TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2007-418,302; HONORABLE
BRADLEY S. UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

            Scott A. Wheeler
appeals his conviction of sexual assault of a fourteen-year-old girl[1] by contending 1) the trial
court erred in denying his motion to suppress because his confession was not
voluntary, 2) the evidence was legally and factually insufficient to establish
the location of the assault, and 3) he was harmed by the prosecutor’s closing
argument.   We disagree and affirm the
judgment.  

            

Issue
1 – Voluntariness of Confession

            After taking a polygraph
examination, appellant gave a written statement to police in which he admitted
having consensual sexual relations with the complainant.  Appellant seems to be arguing that his
confession was involuntary, despite having been Mirandized
at the time, because it was given while he was in custody.  We overrule the issue.

            Before us
is one of those arguments where we can but only shake our collective heads and
say “what?”  We know of no authority
holding that a confession is involuntary simply because it was made while the
speaker (who had been Mirandized) was in
custody.  More importantly, appellant
cites us to no such authority.  And, to
the extent that the tact undertaken by appellant is one that incorporates an
implied request for us to write new law on the subject, we leave that to other
governmental bodies, such as the legislature or our Court of Criminal Appeals.  Thus, appellant’s first issue is overruled.   

             Issue 2
– Sufficiency of the Evidence 

            Next, appellant argues that the evidence
was legally and factually insufficient to establish that the offense occurred
in Lubbock County as alleged in the indictment. 
We overrule the issue.

            Appellant
admitted, in his confession, that he had sex with the victim at his friend’s
house.  A sheriff’s deputy testified that
the “friend” alluded to by appellant was Ricky Daniels.  Other evidence, which appellant does not
question, illustrates that Ricky Daniels lived in Lubbock County.  Assuming arguendo
that the legal and factual sufficiency analysis applicable here is that
used when assessing whether the State established the elements of the offense,
the foregoing is some evidence upon which a rational jury could conclude beyond
reasonable doubt that the crime occurred in 
Lubbock County.  That the victim
said she was assaulted at a locale other than  Daniels’
residence simply created an issue of fact and credibility for the jury to
decide.  It could have legitimately
doubted the accuracy of her comments about the location given that she was intoxicated
(high on drugs) at the time and opted to believe appellant.  And, its doing so would not be wrong or
manifestly unjust.  

            Issue 3 – Jury Argument

               Finally,
appellant complains of several instances of allegedly improper jury argument.  They consist of the prosecutor supposedly vouching
for the credibility of the complainant and striking at appellant over the
shoulder of defense counsel.  The issue
is overruled.

            Regarding two
of the alleged instances of vouching for the credibility of the complainant,
appellant objected to both and each objection was sustained.  The trial court also instructed the jury to
disregard the comments; however, it refused to grant a mistrial.[2]  We presume that the jury followed the
instruction to disregard.  Brock v. State, 275 S.W.3d 586, 591-92 (Tex.
App.–Amarillo, 2008, pet. ref’d). 
Moreover, nothing in the record indicates that it did not.  See
Gamboa v. State, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).  Parenthetically, we note that appellant was
acquitted of one charge made against him by the complainant. 

            As for the
third instance of purported vouching, the prosecutor argued:  “[a]nd if [the complainant] was being
consistent with her history today, she would have taken the easy way out, but
[the complainant] is a different person.” 
The trial court overruled appellant’s objection to that comment.  We note that a prosecutor may permissibly
summarize the evidence.  Brown v. State, 270 S.W.3d 564, 570
(Tex. Crim. App. 2008), cert. denied, ___
U.S. ___, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009).
Although appellant argues that the prosecutor was personally assuring the jury
that the complainant had changed, she herself testified at trial that she had
lied in the past but she had changed for the sake of her young son because she
did not want him to be a liar.  Thus, the
remark was arguably a summation of the testimony given by the complainant.  Therefore, the trial court did not abuse its discretion
in overruling the objection. See York v.
State, 258 S.W.3d 712, 717 (Tex. App.–Waco 2008, pet. ref’d) (stating that
abuse of discretion is the standard of review). 


            Appellant
also refers to a remark he deems as an effort to strike at him over the
shoulder of his counsel.  The remark was:  

But
the law does not just protect the good children, sometimes the troubled ones.
The defendant has confessed to this offense. 
Have we come to a place in our society that if you’re willing to sling
enough mud that you can get away with the crimes that you admit to? 

 

The objection was overruled. 
Appellant argues that the statement must refer to his defense counsel
because he did not testify at trial.

            Argument
that strikes at a defendant over the shoulders of defense counsel is
improper.  Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995).  That is not the ilk of the comment at bar for
several reasons.  First, it does not
refer to defense counsel personally as opposed to the nature of the defense
presented by counsel.  Second, argument
made in response to argument of counsel is proper, Cole v. State, 194 S.W.3d 538, 546 (Tex. App.–Houston [1st
Dist.] 2006, pet. ref’d), and appellant’s counsel repeatedly attempted to label
the victim as a liar.  We believe that
the statement of the prosecutor can be legitimately viewed as a response to
appellant’s accusations.  Consequently, the
trial court did not abuse its discretion in overruling the objection.  See id.
at 545-46 (holding that the statement that law enforcement officers know better
than the defense attorney when fingerprint testing should be done was not
objectionable when it was a response to closing argument that the police had
not done their jobs by dusting for fingerprints).

            Finally, we
cannot forget appellant’s confession to committing the crime.  That alone tends to vouch more for the
credibility of the complainant than any utterance by the prosecutor.  We further couple this with the fact that
appellant was acquitted of one count and the overall nature of the appellate
record and cannot but conclude that no harm resulted from the comments at
issue, assuming arguendo
that they were improper.

            Having
overruled all of appellant’s issues, the judgment is affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice                 

Do not publish.











[1]Appellant was charged with
two counts of sexual assault.  One count
involved the penetration of the complainant’s vagina by appellant’s penis while
the second count involved the contact of appellant’s penis with the
complainant’s mouth.  Appellant was
acquitted of the second count.  





[2]Appellant further complains
that one of those statements (“she has told you the truth”) was apparently on a
slide presentation.  Appellant requested
the State to make a copy of that statement for inclusion in the record although
it does not appear in the record.  We
note that the trial court did not actually order the State to do so.  Furthermore, as noted above, an instruction
to disregard was given to the jury.