NO. 07-09-00148-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 19, 2010

_____

SCOTT A. WHEELER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418,302; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Scott A. Wheeler appeals his conviction of sexual assault of a fourteen-year-old girl[1] by contending 1) the trial court erred in denying his motion to suppress because his confession was not voluntary, 2) the evidence was legally and factually insufficient to establish the location of the assault, and 3) he was harmed by the prosecutor's closing argument.   We disagree and affirm the judgment.

_____

[1]Appellant was charged with two counts of sexual assault.  One count involved the penetration of the complainant's vagina by appellant's penis while the second count involved the contact of appellant's penis with the complainant's mouth.  Appellant was acquitted of the second count.

*Issue 1 – Voluntariness of Confession*

After taking a polygraph examination, appellant gave a written statement to police in which he admitted having consensual sexual relations with the complainant. Appellant seems to be arguing that his confession was involuntary, despite having been Mirandized at the time, because it was given while he was in custody. We overrule the issue.

Before us is one of those arguments where we can but only shake our collective heads and say "what?" We know of no authority holding that a confession is involuntary simply because it was made while the speaker (who had been Mirandized) was in custody. More importantly, appellant cites us to no such authority. And, to the extent that the tact undertaken by appellant is one that incorporates an implied request for us to write new law on the subject, we leave that to other governmental bodies, such as the legislature or our Court of Criminal Appeals. Thus, appellant's first issue is overruled.

*Issue 2 – Sufficiency of the Evidence*

Next, appellant argues that the evidence was legally and factually insufficient to establish that the offense occurred in Lubbock County as alleged in the indictment. We overrule the issue.

Appellant admitted, in his confession, that he had sex with the victim at his friend's house. A sheriff's deputy testified that the "friend" alluded to by appellant was Ricky Daniels. Other evidence, which appellant does not question, illustrates that Ricky Daniels lived in Lubbock County. Assuming *arguendo* that the legal and factual sufficiency analysis applicable here is that used when assessing whether the State established the elements of the offense, the foregoing is some evidence upon which a

rational jury could conclude beyond reasonable doubt that the crime occurred in Lubbock County. That the victim said she was assaulted at a locale other than Daniels' residence simply created an issue of fact and credibility for the jury to decide. It could have legitimately doubted the accuracy of her comments about the location given that she was intoxicated (high on drugs) at the time and opted to believe appellant. And, its doing so would not be wrong or manifestly unjust.

*Issue 3 – Jury Argument*

Finally, appellant complains of several instances of allegedly improper jury argument. They consist of the prosecutor supposedly vouching for the credibility of the complainant and striking at appellant over the shoulder of defense counsel. The issue is overruled.

Regarding two of the alleged instances of vouching for the credibility of the complainant, appellant objected to both and each objection was sustained. The trial court also instructed the jury to disregard the comments; however, it refused to grant a mistrial.[2] We presume that the jury followed the instruction to disregard. *Brock v. State,* 275 S.W.3d 586, 591-92 (Tex. App.–Amarillo, 2008, pet. ref'd). Moreover, nothing in the record indicates that it did not. *See Gamboa v. State,* 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Parenthetically, we note that appellant was acquitted of one charge made against him by the complainant.

As for the third instance of purported vouching, the prosecutor argued: "[a]nd if [the complainant] was being consistent with her history today, she would have taken the

---

[2]Appellant further complains that one of those statements ("she has told you the truth") was apparently on a slide presentation. Appellant requested the State to make a copy of that statement for inclusion in the record although it does not appear in the record. We note that the trial court did not actually order the State to do so. Furthermore, as noted above, an instruction to disregard was given to the jury.

3

easy way out, but [the complainant] is a different person." The trial court overruled appellant's objection to that comment. We note that a prosecutor may permissibly summarize the evidence. *Brown v. State,* 270 S.W.3d 564, 570 (Tex. Crim. App. 2008), *cert. denied,* ___ U.S. ___, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009). Although appellant argues that the prosecutor was personally assuring the jury that the complainant had changed, she herself testified at trial that she had lied in the past but she had changed for the sake of her young son because she did not want him to be a liar. Thus, the remark was arguably a summation of the testimony given by the complainant. Therefore, the trial court did not abuse its discretion in overruling the objection. *See York v. State,* 258 S.W.3d 712, 717 (Tex. App.–Waco 2008, pet. ref'd) (stating that abuse of discretion is the standard of review).

Appellant also refers to a remark he deems as an effort to strike at him over the shoulder of his counsel. The remark was:

> But the law does not just protect the good children, sometimes the troubled ones. The defendant has confessed to this offense. Have we come to a place in our society that if you're willing to sling enough mud that you can get away with the crimes that you admit to?

The objection was overruled. Appellant argues that the statement must refer to his defense counsel because he did not testify at trial.

Argument that strikes at a defendant over the shoulders of defense counsel is improper. *Dinkins v. State,* 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). That is not the ilk of the comment at bar for several reasons. First, it does not refer to defense counsel personally as opposed to the nature of the defense presented by counsel. Second, argument made in response to argument of counsel is proper, *Cole v. State,* 194 S.W.3d 538, 546 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd), and appellant's

4

counsel repeatedly attempted to label the victim as a liar. We believe that the statement of the prosecutor can be legitimately viewed as a response to appellant's accusations. Consequently, the trial court did not abuse its discretion in overruling the objection. *See id.* at 545-46 (holding that the statement that law enforcement officers know better than the defense attorney when fingerprint testing should be done was not objectionable when it was a response to closing argument that the police had not done their jobs by dusting for fingerprints).

Finally, we cannot forget appellant's confession to committing the crime. That alone tends to vouch more for the credibility of the complainant than any utterance by the prosecutor. We further couple this with the fact that appellant was acquitted of one count and the overall nature of the appellate record and cannot but conclude that no harm resulted from the comments at issue, assuming *arguendo* that they were improper.

Having overruled all of appellant's issues, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.