

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00371-CR

JAMAL PETERS,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

_____

**From the 413th District Court
Johnson County, Texas
Trial Court No. F41221**

## MEMORANDUM  OPINION

Appellant Jamal Peters pleaded guilty to the offense of aggravated robbery.  He elected to have the jury assess his punishment and was sentenced to fourteen years' imprisonment.  In his sole issue, Peters contends that the trial court erred by not allowing him to testify at punishment as to the sexual nature of his relationship with the victim.  We will affirm.

On the evening of January 18, 2007, the victim responded to a knock at his front door.  As he began to open the door, two men dressed in black and wearing masks and

gloves rushed into his home. The victim recognized one of the intruders as Peters, who occasionally worked at his home and at his pet-grooming business. The victim did not recognize the other intruder, who was later identified as Michael Bean. Bean pushed the victim against the wall, put a gun up to his head, and demanded money. When the victim replied that he did not have any money, Bean hit him in the head with the butt of the gun. The men then pushed the victim into the kitchen. Soon thereafter, Bean forced the victim into the bedroom. The victim saw that Peters had located a safe that the victim kept hidden in his bedroom closet. Peters and Bean had the victim get the key and open the safe. The safe contained about $4,000. As Peters and Bean then tried to figure out if they could steal any other items, Bean hit the victim in the head about seven times. Peters and Bean then put the victim on the floor in the utility room, and Peters bound the victim with duct tape. Peters also ripped out the telephones from the wall. In all, Peters and Bean took about $4,000 from the safe, an antique butter churn full of coins, and the victim's cell phone.

Prior to trial, the State filed a motion in limine asking the trial court in part to order Peters, his counsel, and defense witnesses not to allude to, refer to, or in any way bring before the jury any matter regarding "evidence of character or conduct of any State's witness" and "[t]he personal habits of the State's witnesses such as drinking, use of drugs or sexual activity, not shown to the Court to be material to this cause" without first approaching the bench and advising the court. The trial court granted the motion in limine.

During the punishment phase, Peters testified that he is a Hurricane Katrina evacuee who arrived in Cleburne, Texas, in 2006 when he was seventeen years old. Peters was looking for a job, so a friend introduced him to the victim. Peters worked for the victim for approximately seven or eight months. Peters stated that the victim would pay him daily or weekly, depending on what type of job it was. Peters earned $15 to $20 or $60 to $70, depending on what type of job it was. When asked what type of things he would have to do for the victim in order to get paid, he replied, "Well, he would have me mow -- mow his lawn, shovel the dog droppings, clean the kitty litter boxes, and have sex with him." At that time, the State asserted that the answer was a violation of the motion in limine.

At defense counsel's request, a hearing on the admissibility of the testimony was held outside the presence of the jury. During the hearing, Peters testified that the victim, aware of Peters' need for more money, offered to pay Peters to have sex with him. Peters was seventeen years old at the time, and he thinks the victim was forty or fifty. Peters agreed to the offer from the victim on a business basis only, and he and the victim would have sex two or three times a week for which Peters would receive $60 to $100 per encounter. The trial court sustained the State's objections, including relevancy and Rule 403, and excluded the evidence.

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). Under an abuse of discretion standard, we will uphold the decision of the trial court concerning the

admissibility of evidence unless the ruling rests outside the zone of reasonable disagreement. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).

Section 3(a) of article 37.07 of the Code of Criminal Procedure governs the admissibility of evidence at punishment:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2010). Relevancy in the punishment phase is "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). In punishment, then, admissibility of evidence is more a matter of policy than of "logical relevance." *Id.* We will assume that Peters' testimony was relevant in the punishment phase.

But under Rule 403, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

In its seminal decision in *Montgomery v. State*, the Court of Criminal Appeals identified four non-exclusive factors to be considered in

determining whether evidence should be excluded under Rule 403. 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on reh'g). Those factors were: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and, (4) the proponent's need for the evidence. *See id.* (citing 22 CHARLES A. WRIGHT & KENNETH W. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5250, at 545-51 (1978); EDWARD J. IMWINKELRIED, UNCHARGED MISCONDUCT EVIDENCE §§ 2:12, 8:03, 8:07 (1984)); *accord Prible v. State*, 175 S.W.3d 724, 733 (Tex. Crim. App. 2005).

More recently, the Court has looked to the language of Rule 403 and restated the pertinent factors.

> [A] trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these factors may well blend together in practice.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006) (footnotes omitted); *accord Subirias v. State*, 278 S.W.3d 406, 408 (Tex. App.—San Antonio 2008, pet. ref'd); *Brock v. State*, 275 S.W.3d 586, 590 (Tex. App.—Amarillo 2008, pet. ref'd); *Stafford v. State*, 248 S.W.3d 400, 411-12 (Tex. App.—Beaumont 2008, pet. ref'd); *but see De La Paz* [v. State], 279 S.W.3d [336, 349 (Tex. Crim. App. 2009)] (applying *Montgomery* factors).

*Newton v. State*, 301 S.W.3d 315, 319 (Tex. App.—Waco 2009, pet. ref'd) (footnote omitted).

Peters contends that his testimony that the victim, "an older man," was paying him, "a 17 year old boy," for sexual activity, combined with the testimony of his family and severe financial troubles, was necessary to show that the victim had Peters "backed

into a corner where the only options Mr. Peters saw were prostitution or stealing."
Peters states in his brief, "This type of argument would be something that a jury would most certainly take into account when determining why, the then seventeen year old, Mr. Peters, would rob someone who had given him a job, and it might have shortened Mr. Peter's [sic] jail term."

But nothing in the record suggests a connection between the alleged sexual arrangement between Peters and the victim and the aggravated robbery. As the State points out in its brief, there was no mention that the victim failed to pay for one of the sexual encounters or that Peters was shortchanged in any way for sexual services rendered. Furthermore, the testimony would tend to suggest a decision on an improper basis and tend to confuse or distract the jury from the main issues. And while the presentation of this evidence would not consume an inordinate amount of time, it would be partially repetitious of evidence already admitted. Peters had already testified at the punishment phase that the victim paid him for sex.

For these reasons, the trial court did not abuse its discretion in excluding Peters' testimony at punishment as to the sexual nature of his relationship with the victim. We overrule Peters' sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed November 24, 2010
Do not publish
[CR25]