

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00343-CR

---

RONALD HALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 21st District Court
Bastrop County, Texas
Trial Court No. 18,707, Honorable John Delaney, Presiding

---

March 31, 2025

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Ronald Hall, was convicted of continuous sexual abuse of children under fourteen years of age and sentenced to serve ninety-nine years in prison. Through this appeal, appellant contends the trial court abused its discretion when it denied his motion for mistrial following testimony concerning the truthfulness of the complainants. We will affirm.

---

[1] Because this appeal was transferred from the Third Court of Appeals, we apply its precedent should it conflict with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

***Background***

Appellant was accused of committing continuous sexual abuse of children under the age of 14. The complainants, K.H. and E.H., were appellant's grandchildren.[2] Appellant began sexually abusing them when K.H. was five or six and E.H. eight or nine. The abuse continued for several years. K.H. outcried about same in 2015; E.H.'s outcry followed.

At trial, the State presented the testimony of many witnesses, including that of the complainants. They testified to the instances of sexual abuse appellant committed against them.

Dr. Stephen Thorne, a licensed psychologist, also testified. He discussed delayed outcries, memory issues with children, and inconsistencies in children's iteration of their experiences. Though also testifying that false allegations occur, he nonetheless said that research suggests in the "large majority of cases, that doesn't happen that way," false accusations occur in a "minority of cases," and false accusations are in the "single digits, in terms of what percentage of cases [where] that happens." Appellant objected, telling the court there was a motion in limine on file prohibiting the parties from discussing the class of people that were truthful, and Dr. Thorne had just discussed that a minority of people make false allegations in cases of this nature. Appellant requested and was granted an instruction to the jury to disregard the questions and answers by Dr. Thorne that led to the "single digits" testimony. Appellant then moved for a mistrial on the same basis. The court denied that motion.

---

[2] One was a biological grandchild; the other was a step-grandchild.

## *Analysis*

By his single issue, appellant claims the trial court abused its discretion when it denied his motion for mistrial. He argues his defensive theory was that the complainants' allegations were false and to illustrate this, he pointed to inconsistent and contradictory testimony. He argues that Dr. Thorne testified that research showed false allegations in cases of sexual assault of a child occurred in a small minority of cases, i.e., in the "single digits," and this testimony went "right to the heart" of his defense. Consequently, he claims, the testimony was "incurably prejudicial and had a substantial or injurious effect or influence on the jury's verdict." We overrule the issue.

We review a trial court's denial of a mistrial for abuse of discretion. *Balderas v. State*, 517 S.W.3d 756, 783 (Tex. Crim. App. 2016). We review the evidence in the light most favorable to the trial court's ruling and consider only those arguments before the court at the time of the ruling. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018). A mistrial is a device used to stop trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). The determination of whether an error demands a mistrial must be made by examining the specific facts of each case. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Typically, an instruction to disregard will be sufficient to cure any prejudicial effect and ensure that the jury remains impartial. *See Alfaro v. State*, 224 S.W.3d 426, 430-31 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

3

Rule 702 states that an expert may testify if the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702. Expert testimony does not assist the jury if it constitutes "a direct opinion on the truthfulness" of a child complainant's allegations. *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993) (testimony regarding an opinion of truthfulness "does more than 'assist the trier of fact to understand the evidence or to determine a fact in issue'; it *decides* an issue *for* the jury.") (emphasis in original). Stated differently, an expert may testify that a child complainant exhibited symptoms consistent with sexual abuse but not that a complainant is truthful. *Ford v. State*, No. 02-14-00148-CR, 2015 Tex. App. LEXIS 4194, at *5-6 (Tex. App.—Fort Worth Apr. 23, 2015, pet. ref'd) (mem. op., not designated for publication).

In his brief, appellant highlights the contradictory testimony of E.H. and K.H. concerning the alleged incidents with appellant. He also focuses on the inconsistencies of the evidence concerning those incidents. He claims that Dr. Thorne's testimony that false allegations only occur in a very small percentage of cases like this removed any doubt that the children were lying and, thus, vouched for their credibility. This, he says, is impermissible and had a substantial or injurious effect or influence on the jury's verdict. We disagree.

When evaluating the conduct of the trial court in denying the motion for a mistrial, we apply the three *Mosley* factors[3] which balance: 1) the severity of the misconduct, 2)

---

[3] This court opts not to utilize a Rule 44 analysis as urged by appellant because that approach presumptively connotes the commission of error and harm arising from it. *See Ludwig v. State*, 428 S.W.3d 344, 350 (Tex. App.—Amarillo 2014, no pet.) (stating this approach "overlooks the initial question of whether the trial court committed error in denying the motion for mistrial").

4

the measures adopted to cure the misconduct, and 3) the certainty of conviction absent the misconduct. *Ludwig v. State*, 428 S.W.3d 344, 350 (Tex. App.—Amarillo 2014, no pet.) (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (en banc) (op. on reh'g)).  These considerations overlap with those involved in a harm analysis.  *Ryan-Poydras v. State*, No. 02-23-00072-CR, 2024 Tex. App. LEXIS 5107, at *9-10 (Tex. App.—Fort Worth July 18, 2024, pet. ref'd) (mem. op., not designated for publication).

As to the first factor, the alleged "misconduct" was not extreme or the like because a) the questions asked the expert did not expressly solicit the objectionable response, b) the utterances were made while both the State and appellant were questioning the expert, without objection from either side, about false allegations and whether certain conduct raises a "red flag" indicative of a false allegation, c) the objectionable comments were a very small part of that extensive exchange, d) appellant did not timely object to the first comment when uttered even though the trial court directed the jury to disregard it,[4] e) the directive to disregard effectively removed from the jury the comment about how few of the allegations were false, thereby leaving the jury to hear that such victims do lie, f) the expert expressly said he knew nothing about the victims in this case and was simply talking in general, g) the expert said it was not his role to assess the accuracy of any victim's allegations, and h) appellant himself solicited testimony from the expert that he (the expert) would not view a changing story or allegation as a "red flag" indicating a "false allegation."  In short, the objectionable comments were brief and blanketed within other

---

[4] *See Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) (the party opposed to the evidence must object as soon as its necessity becomes apparent.); *Castro v. State*, No. 11-14-00095-CR, 2017 Tex. App. LEXIS 1730, at *8 (Tex. App.—Eastland Feb. 28, 2017, no pet.) (mem. op., not designated for publication) (if a defendant does not object until after an objectionable question has been asked and answered, the objection is untimely unless the defendant can show a legitimate reason to justify the delay).

non-objectionable testimony about particular conduct of victims like the two here being a "red flag" indicative of a false allegation. In other words, appellant was not only free to pursue his defense of fabrication, but also he utilized the expert to further that end before and after the comments were made.

As to the second factor, the trial court immediately instructed the jury to disregard Dr. Thorne's testimony. When the trial court gives a prompt instruction to disregard testimony, the instruction ordinarily cures any prejudice arising from such testimony. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). And, an appellate court "presumes the jury will follow instructions to disregard the evidence." *Brock v. State*, 275 S.W.3d 586, 591 (Tex. App.—Amarillo 2008, pet. ref'd). There is no indication it did not do so here.

As to the third factor, the jury had before it the testimony of several witnesses, including the complainants. The uncorroborated testimony of a child victim alone is sufficient to support a conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07. Moreover, the State has "no burden to produce corroborating or physical evidence." *Stanfield v. State*, No. 07-20-00025-CR, 2021 Tex. App. LEXIS 10201, at *5 (Tex. App.—Amarillo Dec. 29, 2021, pet. ref'd) (mem. op., not designated for publication). K.H. and E.H. testified to the instances of abuse committed by appellant. The State also offered the testimony of several other witnesses to support parts of K.H.'s and E.H.'s experiences. Dr. Thorne had no personal link to the complainants and testified about these types of cases as a general matter. He did not speak to whether K.H. and E.H. were truthful. The record thus shows that the likelihood of conviction without Dr. Thorne's testimony was significant. *Ludwig*, 428 S.W.3d at 351.

6

All three factors weigh in favor of a finding that the trial court did not abuse its discretion in denying appellant's motion for mistrial.  Accordingly, we find the trial court did not err in denying the motion for mistrial and we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.