

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00127-CR

EARL VEENCHETT SIMMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No 1
Randall County, Texas
Trial Court No. 2015-0667-1, Honorable James W. Anderson, Presiding

April 5, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Earl Veenchett Simmons appeals from his conviction of the offense of indecent exposure[1] and his court-imposed sentence of confinement for 180 days. He raises three appellate issues, contending the trial court erred by admitting evidence of his previous convictions, he received ineffective assistance of counsel, and the bill of costs

---

[1] TEX. PENAL CODE ANN. § 21.08 (West 2018). A person commits an offense under this statute "if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." *Id.*

improperly charged him for certain fees. We will modify the judgment and affirm it as modified.

Background

Appellant was charged by an information that alleged he "with intent to arouse or gratify the sexual desire of the defendant . . . expose[d] his genitals, and the defendant was reckless about whether another was present who would be offended or alarmed by his act in that [he] masturbated in front of a window with the blinds open while facing outside, and [G.V.] was present and offended or alarmed by said act of exposure[.]"

At trial before a jury, evidence showed the events that led to appellant's prosecution occurred at the residence he occupied with his fiancée, located some twenty feet adjacent the residence of G.V. and her family. The State presented the testimony of G.V. and her husband, and of an investigating detective, along with the audio recording of appellant's interview with the detective. Appellant did not testify, but presented testimony by his fiancée. Both sides presented photographs showing the relative locations of their residences and of the window.

Windows on one side of appellant's residence directly face the front door of G.V.'s home. The blinds on appellant's windows were normally closed and were closed as usual early on the morning of the offense when G.V.'s husband left for work. G.V. walked out the front door with her young son about an hour later, following the schedule she had kept for three or four years. She testified she and appellant were on "kind of the same work schedule and we would both leave pretty much at the same time." That morning, however, she saw appellant in his home. The window blinds "were all the way up." The

interior lights were on and she could "very clearly" see appellant at the window. He was naked, standing slightly "catty-cornered" to the window, and had his erect penis in his hand, masturbating. She told the jury appellant was "standing there and he was masturbating at me and my son."

G.V. covered her son's eyes. She agreed she was shocked, offended, and alarmed by appellant's actions. After speaking with her husband by phone, she reported the incident to police. In appellant's interview by the detective, he initially denied the entire incident but eventually admitted he was masturbating. However, he maintained the exposure was "an accident." Appellant's defensive theory at trial was that the exposure was a mistake or an accident. To rebut appellant's theory, the State introduced, over appellant's objection, evidence of his three prior convictions for indecent exposure.

The jury found appellant guilty. The trial court heard punishment evidence and assessed punishment of confinement in the county jail for 180 days. Appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

Analysis

Admission of Evidence of Prior Convictions under Rule 403

In his first issue, appellant contends the trial court erred by admitting evidence of his three prior convictions for indecent exposure because the evidence was more prejudicial than probative.

We review the trial court's rulings on the admissibility of evidence for an abuse of discretion. *Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) (citation omitted). A trial court abuses its discretion when its decision lies outside the zone of reasonable

3

disagreement. *Id.* (citation omitted). A court does not abuse its discretion unless it has "acted without reference to any guiding rules and principles." *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). The trial court's ruling will be "upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Ramos v. State,* 245 S.W.3d 410, 418 (Tex. Crim. App. 2008).

Under Rule of Evidence 404(b), evidence of uncharged misconduct may be admissible to show the absence of mistake or accident. TEX. R. EVID. 404(b); *Johnston v. State*, 145 S.W.3d 215, 222 (Tex. Crim. App. 2004). "Sometimes a defendant admits the conduct, but raises a defense of 'it was an accident,' or 'it was inadvertent.'" *Id.* (citations omitted). The State is allowed to rebut such a defense of "accident" or "mistake" "with evidence of other conduct by the defendant which tends to show that his actions on those occasions, and hence on this occasion as well, were not mistaken, inadvertent, or accidental." *Id.* (citations omitted).

In this case, the record does not clearly explain what appellant meant by his assertion his exposure was accidental.[2] As appellant's counsel raised with the jury his accident defense, he referred to the definition of the culpable mental state of recklessness, pointing to the needed proof that appellant was "aware of but consciously disregarded" the risk he would be observed.[3] In the language of the information, appellant thus was asserting he was not reckless about whether another person was present who would be offended or alarmed by his act. Evidence of extraneous misconduct may be

---

[2] The Penal Code, of course, does not contain a defense to criminal conduct of "accident." *Rogers v. State*, 105 S.W.3d 630, 637 (Tex. Crim. App. 2003). There is no suggestion in the record that appellant believed his conduct was in any sense involuntary.

[3] *See* TEX. PENAL CODE § 6.03(c) (West 2018) (defining recklessness).

4

admitted for the purpose of showing the defendant's culpable mental state of recklessness. *Prescott v. State*, 123 S.W.3d 506, 515 (Tex. App.—San Antonio 2003, no pet.).

Rule of Evidence 403, however, allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury. Tᴇx. R. Eᴠɪᴅ. 403. A trial court addressing a rule 403 objection must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. *Brock v. State*, 275 S.W.3d 586, 590 (Tex. App.—Amarillo 2008, pet. ref'd) (citing *Casey*, 215 S.W.3d at 880).

At trial, appellant's theory of the evidence did not deny that he exposed his genitals to G.V. in the manner she testified. In his opening statement, appellant's counsel told the jury, however, that his exposure was "an accident," and "an embarrassing mistake." In response to appellant's objection to admission of evidence of his prior convictions, and after argument and discussion among the parties and the court, the court concluded the prior-conviction evidence was admissible, saying it is "clearly allowed to rebut the issue of it being an accident." Later during the State's case, the jury heard the audio recording of the investigator's interview of appellant, in which he said the incident was "an accident."

5

In his appellate argument, appellant concedes that his prior convictions for indecent exposure have probative force on the issue of the absence of accident or mistake, and that the prosecution had some need for the evidence. He argues, however, that the State's need was not surpassing because it could have established his knowledge of G.V.'s workday schedule and because the circumstances, including the time of day and the open blind, "might have established absence of accident or mistake." He contends also the State over-reached by offering three prior convictions when one would have sufficed to make its point, that there was danger the jury would convict merely on the basis of propensity, and that the "rather perfunctory limiting instruction" contained in the court's charge[4] did not equip the jury to evaluate the probative force of the prior convictions and thus gave rise to a great risk the evidence was given undue weight.

---

[4] The trial court provided to the jury in open court the following limiting instruction:

> You remember in opening argument it was—there was mention that—that it was a mistake, it was an accident that this happened. These three convictions are to refute those defense strategies that it was not a mistake or an accident. And you will be given a specific instruction in the jury charge regarding how you can use this evidence in your deliberations.

The jury charge included the following charge:

> The Defendant is on trial solely on the charge contained in the information. In reference to evidence, if any, that the Defendant has previously participated in recent transactions or acts other than, but similar to that which is charged in the information in this case, you are instructed that you cannot consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the Defendant participated in such transactions or committed such acts, if any. Even then, you may only consider the same for the purpose of determining intent, knowledge or to rebut the issue of accident if it does and for no other purpose.

We find the trial court reasonably could have evaluated the rule 403 factors differently, and we see no abuse of discretion in the court's implicit conclusion the probative value of appellant's prior convictions was not substantially outweighed by a danger of unfair prejudice. The evidence appellant identifies might have enabled the State to argue it was improbable appellant was unaware of the risk he would be seen, but it lacked evidence directly rebutting appellant's assertion his exposure was "accidental" rather than reckless. We conclude both that the prior convictions carried strong probative value to rebut appellant's contention his conduct was not reckless, and that the State had a significant need for the evidence. After the court ruled on their admissibility, appellant stipulated to the three prior convictions, so the presentation of the evidence to the jury took little time. No details of the previous convictions were related to the jury, so there appears little danger the jury was distracted from its consideration of the facts before it. We see in appellant's argument to the contrary merely a recognition that the prior convictions strongly rebutted appellant's defense.

Taking all factors into consideration, we find the trial court did not abuse its discretion in finding the evidence of the three prior convictions admissible under rule 403. We resolve appellant's first issue against him.

Ineffective Assistance of Counsel

In his second issue, appellant argues his attorney rendered ineffective assistance of counsel by opening the door to the admission of appellant's three prior indecent exposure convictions.

7

To prevail on his ineffective assistance claims under *Strickland v. Washington*, 466 U.S. 668 (1984), appellant must satisfy both prongs of its test. First, he must prove that his counsel's conduct was objectively deficient. *Pate v. State,* No. 07-15-00397-CR, 2017 Tex. App. LEXIS 8447, at *13 (Tex. App.—Amarillo Sep. 6, 2017, pet. ref'd) (citing *Ex parte Nailor,* 149 S.W.3d 125 (Tex. Crim. App. 2004)). To evaluate such a contention, we determine whether counsel was acting as "a reasonably competent attorney" would under the circumstances. *Id.* (citing *Strickland,* 466 U.S. at 687). Appellant has the burden of proof and must overcome a "strong presumption that counsel's performance fell within the wide range of reasonable professional assistance." *Id.* (citation omitted). This highly deferential review is employed to avoid "the distorting effect of hindsight." *Id.* (citation omitted). Accordingly, appellant is required to show his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* (citation omitted).

Further, even if appellant can demonstrate his counsel's actions were objectively deficient, he must prove that the deficient performance prejudiced his defense. *Pate,* 2017 Tex. App. LEXIS 8447, at *13 (citation omitted). He must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation omitted). The Supreme Court has defined this "reasonable probability" as a "probability sufficient to undermine confidence in the outcome." *Id.* (citations omitted). Without some effect of the challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated. *Id.* at *13-14 (citing *United States v. Cronic,* 466 U.S. 648, 656 (1984)).

Appellant's issue is predicated on the notion that his prior convictions were made admissible only by statements his counsel made in his opening. Counsel's remarks contained the following:

> It was an accident, a human miscalculation, a human endeavor in forgetfulness. It hadn't happened before, hasn't happened since. It was not a crime. It was an embarrassing mistake.

As we have discussed in our disposition of appellant's first issue, however, the prior convictions were admissible to rebut appellant's defense that he lacked the culpable mental state of recklessness. Counsel's remarks did not initiate appellant's contention that his exposure was accidental. As noted, appellant told the investigating officer during his recorded police interview that it was "an accident." Although the State argued to the trial court, counsel had opened the door to the evidence by his assertion "it hadn't happened before," we cannot conclude on this record that admissibility of the prior convictions turned on that remark. In his discussion of his first issue, appellant acknowledges that the prior convictions were admissible under Rule 404(b) to rebut his "accident" and "mistake" assertions.

An assertion of ineffectiveness of counsel must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Evaluating such a claim, we look to the totality of the representation. *Pate,* 2017 Tex. App. LEXIS 8447, at *14 (citations omitted). We conclude the record in this case demonstrates neither that counsel's representation of appellant fell outside the range of reasonable professional assistance, nor that the outcome of his trial would have been different but for counsel's asserted error.

9

We resolve appellant's second issue against him.

Fees and Costs

In appellant's last issue, he challenges certain fees and costs assessed in the court's judgment. The State agrees modification is necessary in some respects.

Appellant first challenges the assessment of court-appointed attorney's fees. A trial court has authority to order reimbursement of the fees of court-appointed counsel and investigative costs if the court determines that a defendant has financial resources enabling him to offset, in part or in whole, the costs of the legal services provided. *Hindman v. State,* No. 07-10-00243-CR, 2012 Tex. App. LEXIS 5017, at \*16-17 (Tex. App.—Amarillo June 22, 2012, pet. ref'd) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Mayer v. State,* 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), aff'd, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Perez v. State,* No. 07-10-0147-CR, 2011 Tex. App. LEXIS 5724, at \*18 (Tex. App.—Amarillo July 26, 2011, pet. dismissed) (mem. op.) (not designated for publication)).

But "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Hindman,* 2012 Tex. App. LEXIS 5017, at \*16 (citing TEX. PENAL CODE ANN. art. 26.04(p)). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Id.* at \*16-17 (citing *Mayer,* 309 S.W.3d at 556). Therefore, the record must provide a factual basis supporting a determination the defendant is capable of repaying the assessed attorney's fees and

10

investigative costs. *Id.* at \*17 (citations omitted). Unless the record shows an indigent defendant's financial status has changed, the evidence will not support assessment of court-appointed attorney's fees. *Parum v. State,* No. 18-00128-CR, 2018 Tex. App. LEXIS 9050, at \*8 (Tex. App.—Amarillo Nov. 5, 2018, no pet.) (mem. op., not designated for publication) (citing *Wiley v. State,* 410 S.W.3d 313, 317 (Tex. Crim. App. 2013)).

There is no evidence in the record of appellant's ability to pay the assessed fee for his court-appointed attorney. Both appellant and the State argue the judgment should be modified. We agree and so will modify the judgment to delete the order that defendant pay attorney's fees.

Second, appellant challenges the amount assessed for the peace officer's fee for summoning witnesses. Appellant asserts the judgment should be reformed to reflect a single fee. The State acknowledges the fee amount assessed by the judgment is too great, but argues the $5 fee applies to each witness summoned. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(3). We agree with the State and so will modify the judgment to reduce the assessment.

Finally, appellant also challenges two other fees, one assessed for Commitment/Release and the other for the Judicial Fund. After considering his arguments and the State's response, we will make no modifications to these fees.

We sustain appellant's third issue in part and overrule it in part.

## Conclusion

The trial court's Judgment of Conviction by Jury is modified by adding the following provision at page 2 beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court-appointed attorney's fees, and does not include Summon Witness – Peace Officer fees in a total amount greater than $40.00."

The trial court is ordered to direct the Randall County District Clerk to issue an amended Bill of Cost in this case in accordance with the modified judgment.

As modified, the judgment is affirmed.

James T. Campbell
Justice

Do not publish.